THE FIRST NATIONAL BANK OF MAUCH CHUNK v. WILL-
IAM DWIGHT ET AL.

*Judgment creditors' bill—Execution—Issuance—Return.*

| | |
|---|---|
| 83 | 189 |
| 83 | 193 |
| 83 | 189 |
| 108 | 609 |
| 83 | 189 |
| 110 | 263 |
| 83 | 189 |
| 120 | 605 |
| 83 | 189 |
| 144 | 1 99 |

1. In order to warrant the filing of a judgment creditors' bill under How. Stat. § 6614, an execution must have been *delivered* to the proper officer at least 20 days *before*, and have remained in his hands *until*, the return-day, and have been returned by him unsatisfied.

2. The following general propositions are summarized from the opinion of Mr. Justice GRANT:

   *a*—By How. Stat. § 7664*a*, executions may be made returnable in not less than 20 nor more than 90 days from their issuance.

   *b*—A judgment creditors' bill will not be retained if filed before the return-day of the execution, nor if the execution is returned before the return-day.

   *c*—Under the decisions of this Court, the debtor is entitled to have the execution remain in the hands of the sheriff from the time of its delivery to him until the return-day.

   *d*—An execution cannot be considered as being issued until it is placed where it might have been executed, and some efficient act done under it.

Appeal from Wayne. (Reilly, J.) Argued October 24, 1890. Decided November 14, 1890.

Judgment creditors' bill. Defendants Wilson, Luther, and Wilson appeal from decree overruling demurrer. Reversed, and bill dismissed. The facts are stated in the opinion.

*Wisner, Speed & Harvey (John J. Speed,* of counsel), for complainant, contended:

1. It is sufficient if the complainant appears in good faith to have endeavored to collect its judgment by legal process (citing *Cassidy v. Meacham*, 3 Paige, 311; *Child v. Brace*, 4 Id. 309), so as to show thereby that his remedy at law has failed; citing

*Waterman v. Cochran*, 12 Vt. 707; and see also argument of counsel for plaintiff in error in *Pharis v. Leachman*, 20 Ala. 666; *Dana v. Banks*, 6 J. J. Marsh. 220.

*William O. Webster*, for appellants, contended for the doctrine of the opinion.

GRANT, J. The complainant obtained a judgment in the Circuit Court of the United States for the Eastern District of Michigan, and on November 12, 1889, sued out two writs of execution directed to the marshals of the Eastern and Western Districts of Michigan, returnable December 4 following. The writs were delivered to the respective marshals November 16, and returned December 4, *nulla bona*. Including the day of delivery and the return-day there were 19 days within which the marshals might have levied. The reason for the issuance of two writs was that some of the defendants lived in the Eastern and some in the Western Districts. After the returns of the marshals were filed, complainant filed a judgment creditors' bill setting forth the above facts and other averments necessary to sustain such a bill. Defendants demurred on the ground that the court had no jurisdiction, because complainant had not · exhausted its remedy at law by the issue and return of the executions unsatisfied. The demurrer was overruled, and defendants appeal.

The statute authorizing such suits provides that whenever an execution against a judgment debtor shall have been issued, and returned unsatisfied in whole or in part, the parties suing out such execution may file a bill in chancery, etc. How. Stat. § 6614. By statute, executions may be made returnable at any time not less than 20 nor more than 90 days from the time such execution shall be issued. How. Stat. § 7664a. A judgment creditors' bill will not be retained if filed before the

return-day of the execution, nor if the execution is returned unsatisfied before the return-day. The cases all hold that a creditor must, in good faith, have exhausted his remedy at law before he can maintain the suit. *Freeman v. Bank*, Walk. Ch. 62; *Steward v. Stevens*, Har. Ch. 169; *Smith v. Thompson*, Walk. Ch. 1; *Thayer v. Swift*, Har. Ch. 430; *Beach v. White*, Walk, Ch. 495; *Tarbell v. Millard*, 63 Mich. 250.

The question here involved has never before been presented to this Court. Judgment debtors are entitled to have their property levied upon and sold before they can be harrassed by this proceeding. It has, consequently, been held that where an execution was issued to the sheriff of one county, and returned *nulla bona*, the bill will be dismissed upon proof that the debtor had property in another county which was known to the complainant. Under the above decisions, the debtor is entitled to have the execution remain in the hands of the sheriff from the time of its delivery to him till the return-day. The law says that the execution must issue at least 20 days before the return-day. It cannot be considered as being issued until it is placed where it might have been executed, and some efficient act done under it. It must be issued to the sheriff or other proper officer. How. Stat. § 7664. The officer is the only one who can do such efficient act. The attorney who takes out the writ can do nothing under it. Consequently this writ was not issued 20 days before the return-day. *Van Vechten v. Paddock*, 12 Johns. 178; *Bronson v. Earl*, 17 Id. 63; *Visscher v. Gansevoort*, 18 Id. 496; *Ross v. Luther*, 4 Cow. 158; *Isabelle v. Iron Cliffs Co.*, 57 Mich. 120.

There it as much probability that the officer will find property upon which to levy during the first days of the life of the execution as during the last days. If the writ

may issue one day less than the 20, it may as well issue 19 days less than the 20, and be, in fact, issued and returned the same day. If the law will not permit the officer to return the writ before the return-day, and allow it to slumber in the files of the court until after that day has passed, for the same reason it will not permit it to slumber in the hands of the plaintiff or his attorney during the first days of the 20. The complainant cannot be said to have exhausted his remedy at law in the one case any more than in the other. It is not a question of good faith, but a question of jurisdiction.

The decree must be reversed, with the costs of both courts, and the bill dismissed.

CHAMPLIN, C. J., MORSE and CAHILL, JJ., concurred. LONG, J., did not sit.