PETERSON *v.* WAYNE CIRCUIT JUDGE.

1. EXECUTION—ISSUANCE.

An execution cannot be considered as issued until it is placed in the hands of the sheriff, or other proper officer, for service.

2. SAME—DELIVERY TO ATTORNEY.

An execution issued by the clerk and delivered to the attorney of the judgment creditor on the last of the 20 days during which proceedings were stayed, and by said attorney delivered to the sheriff on the following day, is a valid writ when delivered to the sheriff.

3. APPEAL—SUPERSEDEAS—RELEASE OF LEVY.

A levy upon real estate under an execution issued after the expiration of the statutory stay of 20 days is not discharged by the subsequent issue of a writ of error and the filing of a *supersedeas* bond, under 3 How. Stat. § 7621c, providing that no stay of proceedings upon any verdict or judgment rendered in the circuit court shall be granted or allowed for the purpose of moving for a new trial or settling a bill of exceptions, for longer than 20 days, unless the party applying therefor shall execute a bond, with sufficient sureties, conditioned to pay the judgment if the same is not set aside or reversed.

4. SAME—LEVY ON PERSONAL PROPERTY.

Whether a levy on personalty would be released under such circumstances,—*quære.*

*Mandamus* by Henry M. Peterson to compel William L. Carpenter, circuit judge of Wayne county, to vacate a levy upon relator's property. Submitted March 3, 1896. Writ denied March 11, 1896.

*James H. Pound*, for relator.

*T. T. Leete, Jr.*, for respondent.

MOORE, J. May 27, 1895, Herbert J. Dawson and others obtained a verdict against relator, upon which judgment was rendered June 18th, of the same year, and

on the same day an order was entered staying all proceedings for 20 days. July 8th an execution was issued, and by the clerk delivered to the attorney for the plaintiffs, who delivered the execution to the sheriff July 9, 1895. On the same day the sheriff levied upon real estate, and afterwards proceeded to advertise said property for sale, which sale was to be August 31, 1895. August 26, 1895,—a month and a half after the stay of execution had expired,—a writ of error was issued, and a bond filed by the relator, in accordance with the statute. The sheriff was advised that his authority to make the sale was questioned. No further proceedings were taken by him towards making a sale. The proceedings up to this time involved costs and expenses which were borne by plaintiffs. Application was then made to the respondent to cause the levy to be set aside. The circuit judge issued an order to said sheriff to show cause why said levy should not be released. In answer to said order, the foregoing facts were made to appear. The circuit judge was of the opinion that the circuit court had not power to cause said levy to be discharged; that the writ of error and bond operated as a stay, but was not retrospective, and did not operate on the execution and levy anterior to its allowance; and declined to direct the levy to be released. The relator then asked for the writ of *mandamus,* to have the questions involved in the proceeding passed upon here.

The first question which arises is, was an execution issued July 8th, upon a judgment rendered June 18th, which execution was placed in the hands of the sheriff July 9th, of any force or effect? When it was issued by the clerk, only 19 days had elapsed after judgment. When it was placed in the hands of the sheriff, 20 days had elapsed after judgment. In *First National Bank* v. *Dwight,* 83 Mich. 191, it is held that an execution "cannot be considered as issued until it is placed where it might have been executed, and some efficient act done under it. It must be issued to the sheriff, or

other proper officer. 2 How. St. § 7664. The officer is the only one who can do such efficient act: The attorney who takes out the writ can do nothing under it." We think the execution, when delivered to the sheriff, was a valid writ.

The other question in this case is whether the filing of a bond and the issuing of a writ of error after the stay of proceedings authorized by the statute has expired will discharge a levy made upon real estate under an execution issued after the stay of execution has expired, and before the bond was filed and the writ of error issued. It is claimed by the relator that it does have that effect. Where the levy made was upon personal property, it has been held that the filing of the bond required by law, and the issuing of the writ of error, would have the effect to release the levy. *Ela* v. *Welch*, 9 Wis. 395. And it is upon this case the relator chiefly relies to support his contention. It has been held, however, in a late case in the same court, that where a stay of execution had expired, and an execution had been issued, by virtue of which a levy had been made upon a large amount of personal property, the filing of a bond and perfecting an appeal operated to stay all further proceedings, but did not *ipso facto* recall the execution or release the levy. *Tilley* v. *Washburn*, 91 Wis. 105, citing many cases. In *Curtis* v. *Root*, 28 Ill. 367, it was held that an appeal does not vacate the lien of the judgment; it only suspends its execution. See *Bassett* v. *Daniels*, 10 Ohio St. 617. While in the case of *Arnold* v. *Fuller's Heirs*, 1 Ohio, 458, it was held that a levy upon real estate was not vacated by writ of error and *supersedeas*. The question has never been directly before this court, though there is a strong intimation in *Blair* v. *Compton*, 33 Mich. 417, that, under our statutory regulations governing stay of execution by bail in error, the stay does not vacate a completed levy upon personalty. See, also, *People* v. *Stephenson*, 98 Mich.

218.  Since the decision in *Blair* v. *Compton* was rendered, the statute staying proceedings in court has been amended.  For a long time the courts had the power, and in some instances were in the habit, of staying proceedings without requiring a bond to be given.  This sometimes resulted in procuring writs of error for the purpose of delay, and it often happened that judgment plaintiffs were defeated entirely in securing their judgment, even when it was affirmed in the Supreme Court.  To obviate this wrong the legislature enacted that—

" No stay of proceedings upon any verdict or judgment rendered in any circuit court in this State shall hereafter be granted or allowed for the purpose of moving for a new trial or settling a bill of exceptions in the case in which such verdict or judgment was rendered, for a longer period than twenty days, unless the party applying for such stay, if judgment shall have been rendered against him, shall execute to the adverse party a bond with sufficient surety or sureties, to be approved by the judge of the court in which such judgment was rendered, conditioned to pay such judgment if the same is not set aside or reversed."  3 How. Stat. § 7621*c*.

To give this statute the construction asked for by the relator would be to render the purpose of the legislature in passing it nugatory.

In view of the fact that a levy on personal property may involve the question of incurring additional costs by the sheriff after the filing of the bond and the issuing of the writ of error, as by feeding animals levied upon, or the loss of perishable property levied upon, if the levy is not vacated, we express no opinion upon the question of what the effect of the filing of a bond and issuing the writ of error would be upon a levy upon personal property.

The writ of *mandamus* is denied, with costs.

The other Justices concurred.