HODGE HEIRS and Their Guardian, by Their Local Agent, A. H. David, Appellant, v. C. H. ANDERSON, Defendant, and Adolph Allickson, Garnishee—Respondent.

(159 N. W. 79.)

**Garnishment — execution — issued in aid of — jurisdiction — delivery to attorney — not to sheriff — no issuance.**

1. Under the provisions of § 7568 of the Compiled Laws of 1913, an issuance of the execution is necessary to jurisdiction over a garnishee defendant when the garnishment is in aid of such execution, and it is not sufficient to merely

deliver it to the plaintiff's attorney, and there is no such issuance where the execution has merely been delivered to the plaintiff's attorney, and has not in turn been delivered by him to the sheriff or constable for execution.

**Garnishment — right of — statutory — provisions — must be complied with.**

2. The right of garnishment is merely a statutory right, and one who seeks to avail himself of it must conform to the provisions of the statute.

Opinion filed August 8, 1916. Rehearing denied September 8, 1916.

Appeal from the District Court of Pierce County, *A. G. Burr,* J.

Action in garnishment.

Judgment for garnishee defendant. Plaintiff appeals.

Affirmed.

*B. L. Shuman,* for appellant.

It is elementary that the caption is not controlling as to parties, for it is to be conceded that if the garnishee herein is entitled to be heard in any court subsequent to the trial in the principal action he would be obliged to look into the pleadings for a further disclosure as to parties plaintiff who are interested in the action. But plaintiff denies to the garnishee any such right at this time. If it is a misnomer of parties, as contended by the garnishee, he cannot be heard, for defendant has not objected, and hence would be bound by the judgment. 2 Enc. Pl. & Pr. 954; 17 Am. & Eng. Enc. Law, 1043, 1050; 20 Cyc. 1074.

There is nothing in the law upon issuing executions as to whom they shall be delivered. In legal effect it is "issued" when the clerk signs and seals it, in an official manner. It can be implied that it shall be under the control of the judgment creditor. 11 Century Dict. & Enc. p. 3200; Comp. Laws 1913, §§ 7713, 7718, 9115.

This matter involves the garnishee proceeding in aid of an execution, or such proceedings as may be had after the execution has been issued. Comp. Laws 1913, §§ 7568, 7572, 7719.

It is the law in some states that the execution be returned *nulla bona* before garnishment can issue; but in this state such a prerequisite is not required. 14 Am. & Eng. Enc. Law, p. 750; Comp. Laws 1913, § 7568.

Matters of form only are not material. Comp. Laws 1913, §§ 7421, 7569.

The date of the delivery of an execution is not a material matter

unless the statute so requires. 17 Cyc. 937, 986, 1034, 1076, 1077; Jewett v. Sundback, 5 S. D. 111, 58 N. W. 20; First Nat. Bank v. Dwight, 83 Mich. 189, 47 N. W. 111; Peterson v. Wayne Circuit Judge, 108 Mich. 608, 66 N. W. 487; Smith v. Nicholson, 5 N. D. 426, 67 N. W. 296.

R. E. Wenzel, for respondent.

An execution in this state must be directed to the sheriff or constable. Such officers are the only ones who have to do with executions. The command or mandate of the court runs to them. Comp. Laws 1913, § 9117; First Nat. Bank v..Dwight, 83 Mich. 189, 47 N. W. 111.

"An execution cannot be considered as being 'issued' until it is placed where it might have been executed, and some efficient act done under it." 17 Cyc. 1033 (d); First Nat. Bank v. Dwight, supra.

"A writ is not issued until it has been delivered to the officer who is to execute it." 17 Cyc. 1033 d-ii.

A garnishee has the right to know that an execution has been issued in such case. 20 Cyc. 1143 (b).

"If the execution is invalid, the garnishment is also invalid." Kentzler v. Chicago, M. & St. P. R. Co. 47 Wis. 641, 3 N. W. 369.

BRUCE, J. This is an appeal from the judgment of the district court of Pierce county vacating and setting aside a. judgment of a justice of the peace, against the garnishee defendant, Adolph Allickson, on the ground that "no execution was issued in said action in support of which said garnishment issued by reason of the fact that same was not placed in the hands of a proper officer at the time of service of the garnishment papers upon the garnishee."

The only record that we have of the issuance of the execution is the entries in the docket of the justice of the peace that "on the 11th day of September, 1914, execution was issued in above-entitled action placed in hands of B. L. Shuman, attorney for plaintiff."

And again, "Garnishee appears specially in said action by his attorney, R. E. Wenzel, for the purpose of moving to quash the garnishment on the grounds stated in the written motion filed, and demands that a return be filed in this court upon the execution issued in the main action . . . motion of plaintiff overruled.

From this we must assume that all that was done was to deliver the

execution to the attorney, and the question to be determined is whether a delivery of such execution to the attorney, without a subsequent delivery to the officer who is to serve it, will justify the entry of a judgment against a garnishee defendant under the provision of § 7568, Compiled Laws of 1913, which provides that "either at the time of the issuing of a summons, or at any time thereafter before final judgment, in any action to recover damages founded upon contract, express or implied, or upon judgment or decree, *or at any time after the issuing in any case of an execution against property and before the time when it is returnable,* the plaintiff, or some person in his behalf, may make an affidavit stating that he verily believes that some person, naming him, is indebted to, or has property, real or personal, in his possession or under his control, belonging to the defendant, or either or any of the defendants in the action or execution, naming him, and that such defendant has not property in this state," etc.

There are also involved two other questions which were raised by a motion of the plaintiff to strike from the record the motion to quash which was interposed by the garnishee defendant, namely: (1) "That this is a collateral proceeding and does not permit the garnishee to make a collateral attack on the judgment. (2) That the garnishee is a mere stakeholder as between the parties to the action, and cannot, at this time, make any defense except as to the service upon himself and his liability to the defendant."

We are satisfied that an issuance of the execution is necessary to jurisdiction over a garnishee defendant when the garnishment is in aid of such execution, and that it is not sufficient to merely deliver it to the plaintiff's attorney. We are also satisfied that "an execution cannot be considered as being issued until it is placed where it might have been executed." 17 Cyc. 1033 (d).

The command indeed is to the sheriff or constable, and not to the attorney, and the attorney is by no means the agent of the sheriff or constable. Comp. Laws 1913, § 9117. Until that command is given, no execution has been issued. First Nat. Bank v. Dwight, 83 Mich. 189, 47 N. W. 111; Pease v. Ritchie, 132 Ill. 638, 8 L.R.A. 566, 24 N. E. 433; Peterson v. Wayne Circuit Judge, 108 Mich. 608, 66 N. W. 487; Freeman, Executions, § 9a; 10 R. C. L. 1241; 8 Enc. Pl. &

Pr. 433; Barth v. Burnham, 105 Wis. 548, 81 N. W. 809; McDonald v. Fuller, 11 S. D. 355, 74 Am. St. Rep. 815, 77 N. W. 581.

Section 9117, Compiled Laws of 1913, requires that "the execution must be directed to the sheriff or any constable . . . and bear the date of its delivery to the officer," and this surely does not mean the date of its delivery to the attorney. We do not mean to be understood as saying that an execution cannot be handed by the justice to the attorney for delivery to the officer, but merely that a delivery to this officer is necessary.

We are also satisfied that there is no merit in the contention that the motion to quash the garnishment could not be made, and this on the ground that it was a collateral attack on the judgment. It was not a collateral attack on the judgment. Atwood v. Tucker (Atwood v. Roan) 26 N. D. 622, 51 L.R.A.(N.S.) 597, 145 N. W. 587. It was merely an assertion that the plaintiff had not put himself within the statute. The right of garnishment is at the best a privilege to the creditor, and one which is often extremely burdensome to third parties who have no interest whatever in the litigation. It is not a common-law right. When one asserts a statutory right, he must put himself within the provisions of the statute, and if there is any case where this rule should be applied, it is in the case of garnishments.

The judgment of the District Court is affirmed.