PARK, GRANT, & MORRIS, a Corporation, Appellant, v. A. J.
NORDALE, Respondent.
GEORGE PIRIE COMPANY, a Corporation, Garnishee.

(170 N. W. 555.)

**Garnishment — counter affidavits — motion to dismiss.**

> Under the laws of this state a garnishee action cannot be dismissed, in
> advance of trial upon the motion of the defendant supported by affidavit, on
> the ground that the averments of the affidavit for garnishment are untrue.

Opinion filed November 19, 1918.   Rehearing denied December 21, 1918.

Appeal from the District Court of Cass County, *Cole,* J.

Plaintiff appeals from a judgment dismissing a garnishee action.
Reversed.

*Pfeffer & Pfeffer,* for appellant.

A decision of the original state rendered subsequent to the adoption
of a statute by another state has no more weight in the adopting state
than that to which it is entitled by reason of its intrinsic merit.   Ger-
mania etc. Co. v. Ross-Lewin (Colo.) 51 Pac. 488; Myers v. McGav-
ock (Neb.) 58 N. W. 522; Barnes v. Lynch (Okla.) 59 Pac. 995;
Wyoming etc. Co. v. State (Wyo.) 97 Pac. 337.

The court of the adopting state will not blindly follow the construc-
tion given a particular statute by the court of a state from which the
statute was borrowed when the decision does not appeal to them as
founded on right reasoning.   Elias v. Territory, 9 Ariz. 15, 76 Pac.
605; Anaconda Div. No. 1, A. O. H. v. Sparrow, 29 Mont. 135, 64
L.R.A. 128, 101 Am. St. Rep. 563, 74 Pac. 197.

The general rule is that none of the parties to garnishment proceed-
ings can invoke the aid of a court of equity to enforce his rights, or
obtain relief from garnishment proceedings in the absence of any show-
ing that he has exhausted his remedy at law, or that he is without
any legal remedy.   20 Cyc. 1071 and cases cited.

Courts must confine themselves to the construction of the law as it
is, and not attempt to amend or change the law under the guise of

construction. Flowing Wells Co. v. Culin (Ariz.) 95 Pac. 111; Curry v. Lehman (Fla.) 47 So. 18; Ellis v. Boer (Mich.) 114 N. W. 239; Philadelphia Fire Asso. v. Love (Tex.) 108 S. W. 158, 810; Waldron v. Taylor (W. Va.) 45 S. E. 336; St. Louis etc. Co. v. Delk, 158 Fed. 931, 162 Fed. 145; Clark v. Kansas City etc. Co. (Mo.) 118 S. W. 40; Ex parte Pittman (Nev.) 99 Pac. 700; Com. v. Jonger, 21 Pa. Super. Ct. 217; Walker v. Vicksburg etc. Co. (La.) 34 So. 749; Austin v. Cahill (Tex.) 88 S. W. 542, 89 S. W. 552.

The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature. This intention, however, must be the intention expressed in the statute, and where the meaning of the statute is plain, it must be given effect by the courts, or they would be assuming legislative authority. Tynan v. Walker, 95 Am. Dec. 152; Stout v. Grant County (Ind.) 8 N. E. 222; Lahart v. Thompson (Iowa) 118 N. W. 398; Barron v. Kaufman (Ky.) 115 S. W. 787; Com. v. International etc. Co. (Ky.) 115 S. W. 703; Gooden v. Lincoln etc. Jury (La.) 48 So. 196; Cearfoss v. State, 42 Md. 403; Detroit v. Detroit etc. Co. (Mich.) 120 N. W. 600; State v. Woodruff (N. J. L.) 52 Atl. 294; Coxson v. Doland, 2 Daly, 66; State v. Barco (N. C.) 63 S. E. 673; Propst v. Southern etc. Co. (N. C.) 51 S. E. 920; Slingluff v. Weaver (Ohio) 64 N. E. 574; Union etc. Co. v. Com. 69 Pa. 140; Bradbury v. Wagenhorst, 54 Pa. 180; Ex parte Brown (S. D.) 114 N. W. 303; State v. Montella etc. Co. (Utah) 98 Pac. 540; United States v. Goldenberg, 168 U. S. 95; Atlantic etc. Co. v. United States, 168 Fed. 175, affirming 153 Fed. 918; United States v. Colorado etc. Co. 15 L.R.A.(N.S.) 167, 157 Fed. 321; United States v. Marks, Fed. Cas. No. 15,721; Ezekiel v. Dixon, 3 Ga. 146; United States v. Starn, 17 Fed. 435; Re Lime County Seat, 15 Kan. 500; Goble v. Simeral (Neb.) 93 N. W. 235; Woodbury v. Berry, 18 Ohio St. 456; Choctaw etc. Co. v. Alexander (Okla.) 54 Pac. 42, 52 Pac. 944; Miles v. Wells (Utah) 61 Pac. 534; Rossmiller v. State (Wis.) 58 L.R.A. 93, 89 N. W. 839; Lake County v. Rollins, 130 U. S. 662; Thornley v. United States, 113 U. S. 310; United States v. Tyler, 105 U. S. 244; Union etc. Co. v. Champlin, 116 Fed. 858; Webber v. St. Paul etc. Co. 97 Fed. 140; Farmers etc. Co. v. Oregon etc. Co. 24 Fed. 407; Prindle v. United States, 41 Ct. Cl. 8; Rodgers v. United States, 36 Ct. Cl. 266, affirmed in 185 U. S.

83; Horton v. Mobile etc. Comrs. 43 Ala. 598; Martin v. Martin etc. Co. 27 App. D. C. 59; Idaho etc. Co. v. Myer (Idaho) 77 Pac. 628; Louisville etc. Co. v. Gaines, 3 Fed. 266; Ogden v. Strong, Fed. Cas. No. 10,460.

*A. C. Lacy,* for respondent.

Where the counter affidavits show that when the garnishment proceedings were instituted defendants had and still have property liable to execution to satisfy plaintiff's demand, it is proper, under the general law and practice of this country relative to attachments, to move upon affidavits to dismiss. Orton v. Noonan, 27 Wis. 572, 19 Wis. 174.

Our garnishment statute was copied from Wisconsin, where it has been held: "Where the garnishment proceedings were based upon a false affidavit, the proper procedure was either upon a motion or order to show cause to have same dismissed." Orton v. Noonan, 27 Wis. 572; German-American Bank v. Butler-Mueller Co. (Wis.) 58 N. W. 746; Thoen v. Harnstrom (Wis.) 73 N. W. 1011; Graves v. Posner (Iowa) 82 N. W. 445.

The words "duly verified" mean to conform by oath, and an affidavit is a written declaration under oath. Wertz v. Lamb, 43 Mont. 477, 117 Pac. 89, 92; Boder v. State, 179 Ind. 268, 94 N. E. 1009, 1011; Taygard Valley Brewing Co. v. Villar Mfg. Co. 184 Fed. 849; State v. Trook, 172 Ind. 558, 88 N. E. 930, 931; Sommerfield v. Phœnix Assur. Co. 65 Fed. 296.

An affidavit for garnishment which fails to state whether contract is express or implied is fatally defective. 2 Shinn, Attachm. & Garnishments, § 592; Conway v. Ionia Circuit Judge, 46 Mich. 28, 8 N. W. 588.

CHRISTIANSON, J. This is an appeal in a garnishee action. It is undisputed that the garnishee summons and affidavit for garnishment, both in due and proper form, were served upon the defendant and the garnishee and filed with the clerk of the district court in the manner and within the time provided by law. The garnishee filed an affidavit admitting liability in the sum of $1,051.57. The defendant did not interpose an answer in the garnishee action (nor does the record show whether he interposed an answer in the main action), but he made a

motion for a dismissal of the garnishee action on the ground that the plaintiff owned property in this state liable to execution sufficient to satisfy plaintiff's demand, and that consequently the averments to the contrary in the affidavit for garnishment were false. In support of the motion to dismiss, the defendant submitted his own affidavit setting forth certain property which he claimed to own, as well as the alleged value of such property. The plaintiff resisted the motion on the grounds that the question could not be raised, and that the court had no power or authority to determine the same, upon a summary application to dismiss, but that it must be raised by answer and determined as an issue upon the trial of the garnishee action. The court dismissed the garnishee action, and plaintiff appeals.

The first, and in our opinion the controlling, question which arises in this case is whether a defendant may move to dismiss a garnishee action in advance of trial on the ground that the affidavit for garnishment is untrue. As already stated no question is raised as to the sufficiency of the form and contents of the garnishee summons and affidavit for garnishment, or as to the regularity of the service and filing of these papers.

It should be noted at the outset that in this country garnishment is purely a statutory remedy. 9 Enc. Pl. & Pr. 809; 20 Cyc. 978; 12 R. C. L. 776. And under our statutes, attachment and garnishment are entirely separate and distinct remedies. See Code Civ. Proc. 1913, chap. 9. See also 20 Cyc. 978. The remedy by attachment was provided for in the laws of the territory of Dakota. And the principal provisions of our present law upon the subject are contained in the 1877 Code of the territory of Dakota. The remedy by garnishment was first provided in this state in 1895. Laws 1895, chap. 69. And the law as then enacted, with certain amendments subsequently made, constitute our present law on the subject of garnishment. Under the laws in force at the time the garnishment statute was enacted, it was provided that an attachment may be vacated on the motion of the defendant upon the ground, among others, "that the affidavit upon which it was issued is untrue." Comp. Laws 1913, § 7561. It was further provided that an attachment may be vacated upon the application of the defendant, by his furnishing a bond with sufficient surety, conditioned: (1) That the property shall be forthcoming in substantially as

good condition as it is at the time of the application to answer any judgment which the plaintiff may recover in the action; or (2) that the defendant will on demand pay to the plaintiff the amount of any judgment which may be recovered in the action against him, not exceeding a specified sum, which sum must be at least equal to double the amount of plaintiff's demand, as specified in the warrant of attachment; or, at the option of the defendant, equal to double the appraised value of the property attached according to the sheriff's inventory. Comp. Laws 1913, § 7556. As already stated these statutory provisions relative to attachments were in force at the time the legislature enacted the law relative to garnishment.

In the garnishment statute as originally adopted the legislature provided: *"The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all provisions of law relating to proceedings in civil actions at issue, including examination of the parties, amendments and relief from default or proceedings taken and appeals, and all provisions for enforcing judgments, shall be applicable thereto."* Comp. Laws 1913, § 7581.

The statute prescribed the averments of the affidavit for garnishment, and the form of the garnishee summons. Comp. Laws 1913, §§ 7562, 7569. The garnishment action is instituted by service of the garnishee summons and affidavit for garnishment upon the garnishee, but such service becomes null and void unless these papers are, also, served upon the defendant either before or within ten days after service on the garnishee. Comp. Laws 1913, § 7571. The garnishee is required to answer the affidavit for garnishment by serving and filing an appropriate affidavit within thirty days from the time of service of the garnishment papers upon him. And the answer of the garnishee is deemed conclusive of the truth of the facts therein stated, unless the plaintiff within thirty days serves upon the garnishee a notice in writing, that he elects to take issue on his answer; in which case the issue so formed stands "for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed a complaint and the garnishee's affidavit the answer thereto." Comp. Laws 1913, § 7578. In case the answer of the garnishee discloses that any other person than the defendant claims the indebtedness of the

property in the hands of the garnishee, such party may be interpleaded. Comp. Laws 1913, § 7582. And *"the defendant may in all cases by answer duly verified, to be served within thirty days from the service of the garnishee summons on him, defend the proceeding against any garnishee upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant or for any other reason is not liable to garnishment;* or, upon any ground upon which a garnishee might defend the same; and may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests. And the garnishee may at his option defend the principal action for the defendant, if the latter does not, but shall be under no obligations so to do." Comp. Laws 1913, § 7580.

The statute also provided that, "the defendant may, at any time after the complaint is filed and before judgment, file with the clerk of the court an undertaking executed by at least two sureties, resident freeholders of the state, to the effect that they will on demand pay to the plaintiff the amount of the judgment with all costs that may be recovered against such defendant in the action, not exceeding a sum specified, which sum shall not be less than double the amount demanded by the complaint, or in such less sum as the court shall upon application direct." Comp. Laws 1913, § 7586.

These provisions were all part of the original garnishment statute enacted in 1895, and have remained a part of the laws of this state since their enactment, without any change whatever, until in 1917, when the legislature provided "that in all cases where the defendant claims the debt or property garnished to be exempt, such claim of exemption may be heard and determined by the court at any time after the claim is made on three days' notice to the opposite party." Laws 1917, chap. 124, § 3.

It will be noted that the legislature expressly provided that a garnishment proceeding shall be deemed an action, and tried as such, and judgment rendered after trial upon the issues framed by the pleadings therein. It further provided that *"the defendant may in all cases by answer duly verified . . . defend the proceeding against any garnishee upon the ground that the indebtedness of the garnishee, or any property held by him is exempt from execution against such defend-*

*ant or for any other reason is not liable to garnishment."* § 7580, supra. Manifestly the specific grounds of defense enumerated in this section as available by way of answer directly involve the truthfulness of the averments of the affidavit for garnishment. The legislature has prescribed the manner in which the truthfulness of the averments of the affidavit for garnishment is to be determined. With the existing attachment statutes before it, it decided to provide for the release or discharge of a pending garnishment proceeding by the defendant's giving a bond in substantially the same form as one of the bonds provided for the release of an attachment. But it did not see fit to provide for the release of a garnishment, upon a summary application, on the ground of the falsity of the affidavit for garnishment, although the then existing laws relating to attachments provided that an attachment might be discharged in this manner upon the ground that the affidavit for attachment is untrue. On the contrary, the legislature expressly stated that the truthfulness of the averments of an affidavit for garnishment must be raised and determined in another manner. In other words when the legislature created the remedy by garnishment it provided the means whereby, and prescribed the conditions under which, a defendant might obtain a release of garnishment upon a summary application in advance of trial. It also specifically 'and unequivocally indicated the manner and form in which the truth or falsity of the averments of an affidavit for garnishment must be raised and determined. And it is a rule of statutory construction that where the legislature has said that a certain act shall be done in a certain manner, such affirmative requirement will be deemed to include an implied negative that it shall not be done in another manner. 26 Am. & Eng. Enc. Law, 605.

It is suggested that courts have inherent power to prevent abuse of process, and, hence, that in a case where a court becomes satisfied that any of the material averments of an affidavit for garnishment are false, it may properly dismiss the garnishee action. As already stated garnishment is a statutory proceeding. In the statute providing for the remedy the legislature also prescribed the procedure in detail. It specifically said that questions involving the truth of the averments of the affidavit for garnishment must be raised by answer, and that the issues so raised shall be disposed of as the issues in a civil action. Will it be con-

tended that a court in this state possesses inherent power to hear and determine upon a summary application, in advance of trial, whether the averments of a duly verified complaint (sufficient in form and substance) in a civil or criminal action are in fact true. To state the proposition is to answer it. Under the laws of this state no provision is made for striking a complaint on the ground that it is sham, but express provision is made for striking an answer on this ground. Comp. Laws 1913, § 7451. And in construing this section, this court, as well as the supreme court of the territory of Dakota, and the supreme court of the state of South Dakota, has held that a trial court may not determine upon a motion in advance of trial whether a general or special denial in an answer is in fact false and interposed in bad faith.

Respondent contends that our statutes relative to garnishment were adopted from Wisconsin, and that consequently we adopted the construction placed thereon by the supreme court of Wisconsin. He also contends that the supreme court of Wisconsin has held that a garnishment proceeding may be summarily dismissed upon motion where it is shown that the affidavit for garnishment is in fact false, and cites Orton v. Noonan, 27 Wis. 572, and German-American Bank v. Butler-Mueller Co. 87 Wis. 467, 58 N. W. 746, in support of his contention. He places especial reliance upon Orton v. Noonan, as having placed a settled construction upon the Wisconsin statute long prior to its adoption in this state. The rule contended for by the respondent is one of construction, and is utilized by the courts, as other rules of construction, to ascertain the legislative intent. The rule, while recognized by all courts, is subject to certain well-known limitations. See 36 Cyc. 1156; 36 Am. & Eng. Enc. Law, 702. The rule is based upon the theory that where the legislature of one state adopts a statute, which has received a definite and settled construction in another state, it will be presumed that the adopting legislature was aware of such construction, and (in absence of declaration to the contrary) is also presumed to have intended to adopt the known and definite construction placed upon the statute prior to its adoption.

While there is great similarity between the garnishment laws of this state and those of Wisconsin, we are not prepared to say that the laws of this state were adopted from Wisconsin. But even if they were, we are by no means satisfied that the rule of construction con-

tended for by respondent is applicable or in any degree controlling in ascertaining the intent of the legislature of this state. Orton v. Noonan, supra, upon which respondent's counsel places especial reliance, was commenced in 1865, and the decision of the supreme court of Wisconsin was filed in December, 1869. We are unable to state what the laws of Wisconsin relating to garnishment were at the time of this decision. Apparently they were not what they now are. For the 1878 revisers of the Wisconsin statutes, in a note prepared with respect to the chapter on garnishment, state, in part: "This chapter is new. The practice in garnishment is expensive, inconvenient, and variable. It is desirable that it should be cheap, easy, and certain. The effort is made to prescribe a practice which it is hoped will afford the desired ends."

So far as we are aware, the construction contended for by respondent has never been placed upon our garnishment laws, and the records of this court fail to disclose a single case wherein it has been sought to dismiss a garnishee action on the ground that the affidavit for garnishment is in fact untrue. The members of the 1917 legislative assembly were, also, apparently of the opinion that no such procedure existed. Because it was an idle ceremony on the part of the legislature to enact chapter 124, Laws 1917, if a garnishment action might be dismissed by motion in advance of trial on the ground that any of the material averments of the affidavit for garnishment was untrue. In our opinion the procedure adopted in this case is not sanctioned by, but is contrary to, the laws of our state.

The views already expressed make it unnecessary to consider the affidavit of the defendant, or the good faith of the plaintiff or its attorney in instituting the garnishment action. But as a matter of justice to plaintiff's attorney we deem it proper to say that, while defendant's affidavit tended to show that he owned property liable to execution greatly in excess of plaintiff's demand, there was no showing as to the amount of defendant's indebtedness. And upon the oral argument it was not denied that the defendant, pending this appeal, has been adjudged a bankrupt.

The judgment of the District Court is reversed, and the case remanded for further proceedings in conformity with this opinion.

GRACE, J. I concur in the result.

Robinson, J. (dissenting). This is an action to recover $700 for goods sold and delivered. Counsel for plaintiff made an affidavit which avers a belief that the defendant has not property within this state sufficient to satisfy the demand, and caused a garnishee summons to be issued and served thereby attaching over $1,000 due from George Pirie Company to the defendant. Then defendant made an affidavit showing clearly that within the city of Fargo he owns certain described property worth $18,000 over and above his exemption. The affidavit was not in any manner contradicted, and on an order to show cause the court made an order that the garnishee process be set aside, annulled and dismissed, and the garnishee released. The court justly gave as a reason that no debtor should be subjected to embarrassment of garnishee process when it fully and fairly appears by proper affidavits, not contradicted, that the debtor has abundant property subject to execution to meet any and all demands against him.

It is true, the statute does provide for the issuing of a garnishee summons on such an affidavit as was made in this case, but the statute does contemplate that such an affidavit shall not be made recklessly, and that a party swearing to a mere belief concerning a fact should first make reasonable search and inquiry in regard to the fact so as to have some just and reasonable ground on which to base his belief, but in any event, when a party obtains process of law—process of attachment or garnishment—by swearing to a belief which appears to be groundless and untrue, it is for him to tender a proper apology and to release the process. In such a case the duty of an attorney is to promptly undo the wrong, and not to persist in trying to sustain it.

In this case it is manifest that there was no ground for the garnishee and no ground for appealing to this court. We will not argue or cite authorities to show that it is the right and the duty of all courts to protect themselves and all parties to an action in their court from any abusive legal process. To sustain the garnishment would be a reproach to the law and the court.

The order should be affirmed with costs.