[File No. 6163.]

E. C. RUBLE, Appellant, v. ALEX SARETZKE, and NORTH DAKOTA CO-OPERATIVE WOOL MARKETING ASSOCIATION, Respondent.

(249 N. W. 716, — A.L.R. —.)

Opinion filed July 17, 1933.

*Scott Cameron*, for appellant.
*Zuger & Tillotson*, for respondent.

CHRISTIANSON, J. This is an appeal from a judgment rendered in favor of the garnishee, dismissing the garnishment action. The facts necessary to an understanding of the issues involved are substantially as follows: The plaintiff brought action against the defendant Saretzke on a promissory note. This garnishment action was instituted ancillary to such main action. The defendant Saretzke made default in the main action and judgment was rendered in favor of the plaintiff for the amount of the note with interest and costs. The defendant made no appearance and interposed no answer in the garnishment action. The garnishee, however, appeared and filed affidavit denying liability. In such affidavit it admitted that it had in its possession and under its control the sum of $254.17, proceeds of the wool of the 1930 clip of certain sheep belonging to the defendant, which wool was marketed by the defendant through the agency of the garnishee; but that the Agricultural Credit Corporation claimed to be entitled to the proceeds

of said wool sales by reason of chattel mortgages given by the defendant to said Agricultural Credit Corporation, which mortgages secured an indebtedness in excess of the amount of the proceeds of the wool in the possession of the garnishee. The plaintiff served notice of issue, and the garnishment action came on for trial before the court without a jury. At the conclusion of the trial the court made findings of fact to the effect that the moneys in the hands of the garnishee were the proceeds of certain wool delivered by the defendant Saretzke to the garnishee prior to the commencement of the garnishment action; that such wool had been clipped from certain sheep owned by the defendant in the year 1930 before the commencement of the main action and the garnishment action and that the Agricultural Credit Corporation was the owner and holder of valid and subsisting mortgages upon said sheep and upon the said wool. The court further found that said wool was delivered by the defendant to one Wildfang (manager of the garnishee) "with instructions from the said defendant that such wool and the proceeds thereof be applied upon the indebtedness secured by said mortgages; that such delivery was made and such instructions were given prior to the commencement of said garnishment proceedings." From such findings the court concluded that the garnishment action must be dismissed. Judgment was ordered and entered accordingly and the plaintiff has appealed and demands a trial anew in this court.

The sole question raised on this appeal relates to the sufficiency of the evidence to sustain the findings of the trial court. It is conceded that the findings are sufficient to justify a judgment of dismissal but it is contended by the appellant that the findings are contrary to the evidence. The respondent contends that the sufficiency of the evidence is not before the court on this appeal; that the action is one properly triable to a jury and that it is not one properly triable anew in this court.

The sufficiency of the evidence was not challenged in the court below and is not challenged in this court except by the demand for a trial anew. It was conceded upon the oral argument that, if the case is not properly triable anew, the judgment appealed from must be affirmed. We have carefully considered this question and have reached the conclusion that this case is not one properly triable anew in this court.

Our laws provide:

"An issue of law must be tried by the court or by the judge. An issue of fact in an action for the recovery of money only or of specific real or personal property must be tried by a jury, unless a jury trial is waived as provided in § 7637, or a reference is ordered as provided in §§ 7645 and 7646. Every other issue is triable by the court, which, however, may order the whole issue or any specific question of fact involved therein to be tried by a jury or by a referee as provided in §§ 7645 and 7646." Comp. Laws 1913, § 7608.

But it is said by the appellant that this statute is not applicable to a garnishment action; that a garnishment action is always triable to the court. In our opinion this contention is erroneous. Our laws specifically provide:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all provisions of law relating to proceedings in civil actions at issue, including examination of the parties, amendments and relief from default or proceedings taken and appeals and all provisions for enforcing judgments, shall be applicable thereto; . . ." Comp. Laws 1913, § 7581.

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within thirty days serve upon the garnishee a notice in writing, that he elects to take issue on his answer; *in which case the issue shall stand for trial as a civil action*, in which the affidavit on the part of the plaintiff shall be deemed a complaint and the garnishee's affidavit the answer thereto. The plaintiff may in all cases move the court upon the answer of the garnishee and of the defendant, if he shall also answer, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answers." Comp. Laws 1913, § 7578.

According to these statutory provisions a proceeding in garnishment is an action and the issues therein are to be tried in precisely the same manner as similar issues are tried in any other civil action. Park, Grant & Morris v. Nordale, 41 N. D. 351, 170 N. W. 555; F. B. Scott Co. v. Scheidt, 35 N. D. 433, 160 N. W. 502. See also Sargent County v. State, 47 N. D. 561, 576, 623, 624, 182 N. W. 270, 275, 295, 296.

Hence, an issue which would be triable to a jury if it arose in the main action, is so triable if it arises in the garnishment action; and an issue which is triable to the court without a jury if it arose in the main action is also triable to the court without a jury if it arises in the garnishment action.

"It (a garnishment action) is strictly a proceeding at law and is to be tried as ordinary issues between a plaintiff and defendant. The allegations, answers and denials are then only considered as pleadings and the garnishee's answer is not on the trial of this issue considered as true. The issue is confined to the denial of the answer. It is confined to a general allegation that the garnishee is indebted to the defendant and the jury are restricted to decide on the truth of the return. The issue is the same as it would be in an action between the principal defendant and the garnishee and no other." 2 Shinn, Attachm. & Garnishment, § 656.

The garnishment action involves the ownership of the money in the possession of the garnishee. If the issue had arisen between the principal defendant and the garnishee, it would have been one triable to a jury. Hence, it was likewise triable to a jury in the garnishment action. This being so, the action is not triable anew in this court. There is, therefore, no basis for a review of the sufficiency of the evidence on this appeal. What has been said is decisive of the case. We deem it proper to say, however, that the evidence adduced in the trial court has been transcribed and certified to this court as part of the record on this appeal. This evidence has been read by the members of the court and we are of the view that the findings of the trial court are in accord with the evidence and that if the evidence were subject to review here, it would result in an affirmance of the judgment. It follows from what has been said that the judgment appealed from must be and it is affirmed. It is so ordered.

NUESSLE, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.