[File No. 6203.]

FRED M. HECTOR, Trustee of the McCormick Transfer Company, a Corporation, Bankrupt, Appellant, v. J. L. McCORMICK, R. J. Cone, and J. L. McCormick Construction Company, a Foreign Corporation, Respondents,

and

STATE OF NORTH DAKOTA, and Berta E. Baker, as State Auditor, First National Bank and Trust Company of Fargo, a Corporation, Dakota National Bank of Fargo, a Corporation, and J. L. McCormick Construction Company, a Foreign Corporation, Respondents.

(252 N. W. 52, — A.L.R. —.)

Opinion filed December 30, 1933.

*Conmy, Young & Conmy,* for appellant.

*Lawrence, Murphy, Fuller & Powers* and *Harold D. Shaft,* for respondents.

BURKE, J.   The plaintiff, as trustee in bankruptcy, brings this action in equity against the defendants for an accounting and in aid thereof brings garnishment proceedings against the State of North Dakota, Berta E. Baker, as State Auditor, First National Bank and Trust Company of Fargo, a corporation, Dakota National Bank of Fargo, a corporation, and J. L. McCormick Construction Company, a foreign corporation, garnishee.

The defendants and the garnishee, Dakota National Bank of Fargo, by special appearance, move to dismiss the garnishment action upon the ground that the court is without jurisdiction; that garnishment proceedings may issue only in an action for damages founded on contract, express or implied, whereas this is an equitable action in which garnishment may not issue.   After a hearing, the trial judge ordered the garnishment action dismissed and from a judgment entered thereon the plaintiff appeals.

Appellant claims, that in a garnishment proceeding, you cannot attack the truthfulness of the affidavit upon which the proceeding is based, relying upon the case of Park v. Nordale, 41 N. D. 351, 170 N. W. 555.   In that case a motion was made to dismiss the garnishment action on the ground that the plaintiff owned property in this state liable to execution sufficient to satisfy plaintiff's demand and that consequently the averments to the contrary in the affidavit for garnishment were false.   The propriety to garnish was not raised or involved in that case.   In the instant case it is.   It is claimed that the action is not on contract, express or implied.

In the case of Ruble v. Saretzke, 63 N. D. 631, 249 N. W. 716, 88 A.L.R. 1148, the respondents contended that the sufficiency of the evidence was not before the court; that the action was one properly triable to a jury and could not be tried anew in this court.   The court said: "Our laws provide: 'An issue of law must be tried by the court or by the judge.   An issue of fact in an action for the recovery of money only or of specific real or personal property must be tried by a jury, unless a jury trial is waived as provided in § 7637, or a reference is ordered as provided in §§ 7645 and 7646.   Every other issue is triable by the

court, which, however, may order the whole issue or any specific question of fact involved therein to be tried by a jury or by a referee. . . .' But it is said by the appellant that this statute is not applicable to a garnishment action; that a garnishment action is always triable to the court. In our opinion this contention is erroneous. Our laws specifically provide: 'The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all provisions of law relating to proceedings in civil actions at issue, including examination of the parties, amendments and relief from default or proceedings taken and appeals and all provisions for enforcing judgments, shall be applicable thereto. . . .' . . . 'It (a garnishment action) is strictly a proceeding at law and is to be tried as ordinary issues between a plaintiff and defendant. The allegations, answers and denials are then only considered as pleadings. . . . The issue . . . is confined to a general allegation that the garnishee is indebted to the defendant and the jury are restricted to decide on the truth of the return. The issue is the same as it would be in an action between the principal defendant and the garnishee and no other.' 2 Shinn, Attachm. & Garnishment, § 656."

It is, of course, well settled that the provisional remedy of garnishment is purely statutory and may not be extended beyond the provision of the statute. It is ancillary to and dependent on the main action.

That part of § 7568, Compiled Laws 1913, which defines the jurisdiction of the court in a garnishment proceeding reads as follows: "Either at the time of the issuing of a summons, or at any time thereafter before final judgment, in any action to recover damages founded upon contract, express or implied, or upon judgment or decree, or at any time after the issuing in any case of an execution against property and before the time when it is returnable, the plaintiff, or some person in his behalf, may make an affidavit stating that he verily believes that some person, naming him, is indebted to, or has property, real or personal, in his possession or under his control, belonging to the defendant, . . . and that such defendant has not property in this state liable to execution, sufficient to satisfy the plaintiff's demand, and that the indebtedness or property mentioned in such affidavit is, to the best of the knowledge and belief of the person making such affidavit, not by law exempt from seizure or sale upon execution."

Garnishment, under this statute, before judgment, may be maintained as ancillary to an action on contract, express or implied, and after judgment or decree it may be maintained on the judgment or decree or in aid of execution for the enforcement of a judgment or decree. Judgments and decrees are recognized by the courts as implied contracts, definite and certain in amount and may be enforced by garnishment. It will be noted, however, that the right to bring this provisional remedy before judgment is limited to actions founded upon contract, express or implied. If it was the intent of this law to provide this remedy in all actions without limitation, it would read "Either at the time of the issuing of a summons or at any time thereafter before final judgment *in any action or upon any judgment or decree, etc."* It is clear that under this statute this remedy is not intended to apply to all actions.

3 Bancroft's Code Practice & Remedies, § 2315, p. 3069, states the rule as follows: "As a general rule, attachment will not be permitted in actions of equitable cognizance, since the remedy is essentially a legal one. This is particularly true in those jurisdictions where the distinction between actions at law and suits in equity has been preserved, and the statute limits the remedy to the former. . · . . But where the distinction between actions at law and suits in equity has been abolished, an attachment may issue in an equity suit if the object of the action is to recover money, and the circumstances enable the plaintiff to specify the amount of the indebtedness. This is the rule under statutes which provide that attachment may issue in any action, or in actions for the recovery of money. On the other hand, if the statute limits the remedy of attachment to actions arising from contract, express or implied, it has been held that no writ of attachment will be granted where equitable relief, as such, is sought." In other words if the statute provides that attachments may issue in any action or in any action for the recovery of money, if the object of the action is to recover money and the circumstances enable the plaintiff to specify the amount of indebtedness, then the action may be maintained in equity. The only limitation upon the statute in such case is that the action must be one for the recovery of money and the circumstances be such as to enable the plaintiff to specify the amount of the indebtedness, but a different rule applies when the statute limits the remedy to

actions arising upon contracts, express or implied, as our statute does in a garnishment proceeding and no attachment or garnishment will be granted where equitable relief, as such, is sought. Hallidie v. Enginger, 175 Cal. 505, 166 P. 1.

The Washington court makes the same distinction. In the case of State ex rel. Boyer v. Superior Ct. 115 Wash. 359, 197 P. 321, the Washington court said: "In many states an attachment can issue only in actions on contracts, express or implied. But in this state the statute simply provides *that an attachment may issue in any action.* (The italics are ours.) The distinction between law and equity actions having been abolished by our Code, we long ago held that attachment may issue in equity actions. . . . Under a similar statute in Ohio, it was held in Sturdevant v. Tuttle, 22 Ohio St. 111, that an attachment would lie in a civil action for recovery of unliquidated damages for assault and battery; and that case was approved and followed in Kirk v. Whitaker, 22 Ohio St. 115, and in Creasser v. Young, 31 Ohio St. 57."

Here the Washington court makes the distinction between the statutes of Washington and Ohio, authorizing attachment in any action and statutes which authorize attachment only on an action on contract, express or implied. As a matter of course attachment or garnishment may issue under the statutes of Washington and Ohio in any action, legal or equitable, but our statute is in the class referred to in the Washington decision as a statute in which an attachment can issue only in actions on contracts, express or implied.

The Iowa statute is quite as liberal as the Washington statute and under the Minnesota statute all that is necessary is that the action be one for the recovery of money. Mason's Stat. (Minn.) § 9356.

In the case of Mahlberg v. Jones, 176 Minn. 522, 223 N. W. 922, the court said: "Appellant claims that garnishment is a remedy available in any and every sort of action. . . . The test must be whether the action in which this garnishment was attempted is 'an action for the recovery of money.' Without deciding whether garnishment is withheld in all equitable actions, we are clear that the complaint herein does not state a cause of action for the recovery of money, any more than would an action in replevin for personal property." The complaint prayed that plaintiff be declared the owner of certain realty and

for a proper conveyance of title and an accounting for the rents and profits and such other relief as to the court seems just. The court held that the action was one for specific performance and not one for the recovery of money. See also Williamson v. Guaranteed Securities Co. 178 Minn. 381, 227 N. W. 430.

"In the absence of statute sanctioning garnishment in equity, the term 'equitable garnishment' is not strictly an accurate one, at least in so far as by its use it is sought to invoke to the aid of such a suit the principles applicable to garnishment properly so called, the proceeding usually referred to as 'equitable garnishment' being more in the nature of a creditor's suit. Garnishment properly so called is usually considered as being legal as distinguished from equitable in its nature; and in the absence of statutory authorization a court of equity has no power to afford litigants the benefits of garnishment, or to extend the principle of garnishment beyond its statutory limits." 28 C. J. § 27, page 33.

The case of Security Nat. Bank v. Bothne, 56 N. D. 269, 217 N. W. 148, the facts are very much like the facts alleged in the complaint in this action. The statute providing the provisional remedy of attachment is a little different from the garnishment statute, but both are actions at law. In the Bothne Case, supra, the court held that an equitable action by a judgment creditor to set aside a fraudulent conveyance is not an action wherein an attachment may issue. See also Coats v. Arthur, 5 S. D. 274, 58 N. W. 675; Detroit Fidelity & Surety Co. v. Bushman, 262 Mich. 304, 247 N. W. 190; Toth v. Toth, 242 Mich. 23, 217 N. W. 913, 56 A.L.R. 839. The instant case is not an action on contract, express or implied. Plaintiff seeks to recover for an alleged misappropriation of property and profits. He alleges in his complaint that it is impossible for him to know and find out at this time all of the items wrongfully appropriated or retained by the defendants, so plaintiff has brought this action in equity asking an accounting of defendants for all of such items. He prays for an accounting as to the conduct of the affairs of the corporation from January 1, 1928, to date, and particularly that he be required to make an accounting as to the items and claims specified in Paragraph "7" of the complaint; and that plaintiff have judgment against defendant McCormick for whatever it shall appear upon said accounting is due

plaintiff. That plaintiff have judgment against R. J. Cone for whatever it shall appear upon said accounting as to his conduct of the affairs of the corporation from January 1, 1930, to date, and particularly that he be required to make an accounting as to the items and claims specified in Paragraph "7" of this complaint; and that the plaintiff have judgment against the defendant Cone for whatever it shall appear upon said accounting is due plaintiff from said defendant.

The action being one not founded on contract, express or implied, and being purely equitable in its nature the provisional remedy is not available and the judgment is affirmed.

BURR, Ch. J., and NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.