[File No. 6623.]

AMELIA ALSWAGER, Appellant, v. RALPH DWELLE, Respondent, and THE CITY OF JAMESTOWN, a Municipal Corporation, Garnishee Respondent.

(292 N. W. 223, 128 A.L.R. 1150.)

Opinion filed May 16, 1940.

*J. A. Coffey,* for appellant.

*H. E. Rittgers,* for respondents.

BURR, J. The plaintiff obtained judgment in justice court. A transcript was filed in the district court. No execution was issued after judgment; but plaintiff served a garnishment summons upon the city of Jamestown, based upon the affidavit of counsel showing the entry of judgment, the filing of the transcript, and that "he verily be-

lieves that the City of Jamestown . . . is indebted to . . . the defendant, . . . and that said Ralph Dwelle, has not property in this state liable to execution sufficient to satisfy the plaintiff's demand. . . ."

The garnishee moved to dismiss on the ground, among others, that no execution had ever been issued upon the judgment.

An order to show cause was issued, and upon the hearing, the district court granted "the motion of the defendant and the garnishee to quash and dismiss said garnishment proceedings in toto."

Judgment was entered accordingly, and the plaintiff appeals.

Section 7568, Comp. Laws 1913, provides: "Either at the time of the issuing of a summons, or at any time thereafter before final judgment, *in any action to recover damages founded upon contract, express or implied, or upon judgment or decree,* or at any time after the issuing in any case of an execution against property and before the time when it is returnable, the plaintiff, or some person in his behalf, may make an affidavit stating that he verily believes that some person, naming him, is indebted to, or has property, real or personal, etc."

Appellant claims that this section provides for three classes of cases in which a garnishment summons may be issued: 1st. In an action to recover damages founded upon contract; 2nd. Upon a judgment or decree; and 3rd. In aid of execution.

This contention requires the construction of § 7568, Comp. Laws.

There are but two classes of cases in which garnishment proceedings may be had—first, where an action is commenced upon a contract, a judgment or a decree; and, second, after a judgment has been entered, proceedings may be commenced in aid of execution. The language of the statute indicates this clearly.

The statute begins, "Either at the time, etc." The very term "either" indicates these two classes merely: In the first class plaintiff has two opportunities, and in the second he has one. The word means "each of two;" "the one and the other;" "one or the other of two alternatives;" "one of two;" "the one or the other." Webster's Dictionary. The same significance is carried into the word when used as a conjunction, or even as an adverb.

To place the phrase "or upon a judgment or a decree" in a separate class would do violence to the rhetoric of the section, as it would render

the so-called third class useless. If a garnishment proceeding could be issued upon a judgment or a decree without an execution, there would be no need of providing for a garnishment proceeding in aid of an execution.

In the case at bar the garnishment proceedings are commenced in order to enforce the judgment, to collect the judgment, to assist in executing the judgment, and if enough money were obtained that way, then the judgment would be executed and satisfied. The only method provided by our statute for the enforcement of a judgment for money is by execution. "The party in whose favor judgment has been given . . . may . . . enforce the same by execution. . . ." Comp. Laws, § 7713. He may then use the remedy of garnishment to aid this execution (Comp. Laws, § 7568), provided the proceedings are commenced after the execution is issued, "and before the time when it is returnable." In Hodge v. Anderson, 35 N. D. 20, 23, 159 N. W. 79, 80, we said: "We are satisfied that an issuance of the execution is necessary to jurisdiction over a garnishee defendant when the garnishment is in aid of such execution. . . ."

It is true the issue in that case involved the delivery of the execution to the sheriff, and we were determining *when an execution was issued* in the sense involved in garnishment proceedings. However, in the same case, we show, quite conclusively, that there are but two classes, because it is shown in the quotation from § 7568 that such section provides that a garnishment proceeding may be used "in any action to recover damages founded upon contract, express or implied, or upon judgment or decree," and we have set apart the next division by italicizing it—*"or at any time after the issuing in any case of an execution against property, etc."*

In Central Lumber Co. v. Dougherty, 43 S. D. 580, 181 N. W. 196, the court is construing § 2454 of the Revised Code, 1919, which is almost identical with our § 7568, Comp. Laws, even to punctuation, and therein holds, specifically, that in view of such section, "wherever garnishee summons is sought to be issued after judgment in the main suit, an execution must have issued prior to and as a condition precedent to issuance of garnishee summons; and where and in such instance such summons issued without previous issuance of execution, garnishee

summons is void, and garnishee defendants' motion to dismiss same should have been granted."

In State ex rel. Shaw State Bank v. Pfeffle, 220 Mo. App. 676, 293 S. W. 512, the court states: "In order to give court jurisdiction over property and credits garnished, there must be return made by officer upon execution, which is process of court. . . ."

Appellant lays great stress upon the case of Hector v. McCormick, 64 N. D. 294, 252 N. W. 52, because of certain language contained therein. We say there: "Garnishment, under this statute, before judgment, may be maintained as ancillary to an action on contract, express or implied, and after judgment or decree it may be maintained on the judgment or decree or in aid of execution for the enforcement of a judgment or decree. Judgments and decrees are recognized by the courts as implied contracts, definite and certain in amount and may be enforced by garnishment." An examination of the issues involved in that case makes its language quite understandable. The issue was whether a garnishment proceeding was available in such an action. We held that such action was not founded on contract, was purely equitable in its nature, and the provisional remedy was not available. 64 N. D. p. 301, 252 N. W. 52.

The citation must be considered in the light of the issues involved therein. It is true the syllabus says: "The provisional remedy of garnishment is available only in actions on contracts, express or implied."

The question of a garnishment to aid the collection of a judgment was not involved. It may be that a cursory or superficial reading of the syllabus would suggest that under our law the provisional remedy of garnishment could not be used *at any time* except in an action upon a contract; but we must view the syllabus and the decision in the light of the issues involved, and with this in mind, the rule laid down in Hector v. McCormick, supra, is not at variance with our holding here.

Because of the difference between the issues involved in Hector v. McCormick and the issues involved in this case, and in order to prevent any misunderstanding as to the rules laid down in each case, any implication which may arise from a perusal of Hector v. McCormick, contrary to the interpretation of the statute given here, is disavowed,

and to the extent that such case may appear to justify a different implication, that decision is modified.

As pointed out in Hodge v. Anderson, 35 N. D. 20, 159 N. W. 79, supra, such execution must be delivered to the officer to complete its issuance. No execution was issued herein. That is admitted by the appellant. Therefore, the trial court was correct in quashing the garnishment proceedings. The judgment is affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, MORRIS, and BURKE, JJ., concur.