ROBERT HENDERSON, and another, *vs.* MAGGIE CASHMAN.

Androscoggin. Announced at July Law Term, 1892, Western District. Opinion May 20, 1893.

*Trustee Process. Partnership. Notice. R. S., c. 86, § 32.*

It is only the individual share of a partner, after all the affairs of the firm have been fully settled, that can be taken on a trustee process and applied to the payment of his individual debt.

When one of the members of a firm is sued for his individual debt, and a debtor of the firm is trusteed, notice of the fact must be given to the other members of the firm, or a judgment charging the trustee will not be binding upon them.

ON EXCEPTIONS.

This action was commenced in the Lewiston Municipal Court December 10, 1890, and was for the sum of $116.15, claimed to be due from the defendant; being the balance due upon a contract for building a house for defendant.

December 6, 1890, prior to commencement of the above action,

a suit was begun in the court below against Robert Henderson, one of the above plaintiffs, in favor of John Sweeney, and the said Maggie Cashman was therein summoned as trustee of the said Robert Henderson.

The action, *Sweeney* v. *Henderson,* was entered at the January term, 1891, of the Supreme Judicial Court for Androscoggin county, at which time the said Cashman made disclosure in due form, showing the amount of $100 due from her to Robert Henderson and Adoniram Hasey, above named, copartners.

The case was continued till the April term of said court, when the defendant was defaulted, and on hearing on the trustee disclosure, the trustee, Cashman, was charged by consent as trustee of the said Henderson, for the sum of $50, less her costs, no evidence beyond the disclosure, appearing as to the rights of the partners, Henderson and Hasey, in the fund disclosed; and Hasey not being made a party to said proceedings, either voluntarily or by being summoned therein.

Judgment duly issued thereupon against the principal defendant, Robert Henderson, and against said Cashman as trustee, · for said $50, which sum she has since paid upon execution duly issued thereon within thirty days from the date of judgment.

The present case came up for trial in the Lewiston Municipal Court at the June term, 1891, and upon hearing, the judge presiding found as follows:    .    .    .    .

"That the judgment of the Supreme Judicial Court charging trustee and the payment of $50 upon execution thereon was a bar to the recovery in this action of the amount so paid on the trustee execution."

"The court thereupon found for the plaintiffs in the sum of $50, (the extras claimed above the hundred dollars being disallowed,) and the $50 paid as aforesaid, on the trustee execution being deducted."

To the above finding as to the effect of the judgment in the trustee suit, being a finding of law, and as to the payment of the $50 upon execution thereon as a bar to the recovery of said $50 in this action, the plaintiffs excepted.

*Savage and Oakes*, for plaintiffs.

*McGillicuddy and Morey*, for defendant. The judgment charging defendant as trustee of Henderson in the first suit and her payment is a bar and protects her in this suit. *Ladd* v. *Jacobs*, 64 Maine, 347 ; *Webster* v. *Lowell*, 2 Allen, 123 ; *Foster* v. *Jones*, 15 Mass. 185 ; *Doyle* v. *Boutwell*, 1 Allen, 286 ; *Morrison* v. *New Bedford Inst. for Savings*, 7 Gray 269; *Wheeler* v. *Aldrich*, 13 Gray, 51 ; *Merriam* v. *Rundlett*, 13 Pick. 511 ; R. S., c. 86, § 76; Drake on Attachments, § §, 617, 692, 695, 697, 700, 706, 710, 711-15, and 713.

WALTON, J. This is an action by two co-partners against a woman for whom they contracted to build a house.

It appears that before the commencement of the action she had been summoned as the trustee of one of them, and consented to be charged for half the amount then due to both of them. This was done without notice to the other co-partner ; and the question is whether such a judgment is binding upon him. Clearly not.

It is settled law in this State that, when one of the members of a firm is sued for his individual debt, and a debtor of the firm is trusteed, notice of the fact must be given to the other members of the firm, or a judgment charging the trustee will not be binding upon them. Whether or not the trustee shall be charged, and, if so, for how much, are questions in which they are interested, and, in the decision of which, they have a right to be heard ; and if they do not voluntarily appear and become partties to the suit, notice of its pendency must be given to them, or a judgment charging the trustee will not be binding upon them. All the assets of the firm, including its credits, may be needed for the payment of the firm's debts ; and, if so, no portion of them can be applied to the payment of the debt of one of its members. It is only his individual share, after all the affairs of the firm have been fully settled, that can be taken on a trustee process and applied to the payment of his individual debt. He, indeed, may be very willing to have the assets of the firm thus applied ; but his copartners may be very unwilling ;

and they must have an opportunity to be heard before the question can be conclusively settled against them.

The ruling excepted to was clearly wrong. *Parker* v. *Wright*, 66 Maine, 392; *Burnell* v. *Weld*, 59 Maine, 429; *Look* v. *Brackett*, 74 Maine, 347; *Hawes* v. *Waltham*, 18 Pick. 451; R. S., c. 86, § 32.

*Exceptions sustained.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.