F. B. SCOTT COMPANY, a Corporation, Appellant, v. HENRY SCHEIDT, Respondent, and C. M. Forman and Peter Zink, Garnishees.

(160 N. W. 502.)

**Garnishee — plaintiff's right to recover against — defendant's right to recover — predicated upon.**

1. Plaintiff's right to recover against the garnishee is predicated entirely upon defendant's right to recover in his own name and for his own use against the garnishee.

**Continuing partnership — debt due to — member of firm — claim against — garnishment — cannot be taken by.**

2. A debt due to a continuing partnership cannot be taken by garnishment to pay the individual debt of a member of the firm.

Opinion filed December 2, 1916.  Rehearing denied December 21, 1916.

From a judgment of the District Court of Foster County, *Coffey, J.*, plaintiff appeals.

Affirmed.

*Geo. H. Stillman* for appellant.

*C. B. Craven* for respondent.

CHRISTIANSON, J.   The plaintiff instituted a garnishment action in the district court of Foster county against C. M. Forman and Peter Zink, as garnishees, in aid of an execution issued out of the office of the clerk of said district court.  The garnishees answered and admitted that they were indebted to the firm of Scheidt Brothers, a copartnership composed of the defendant, Henry Scheidt, and his brother, Lou Scheidt, in the sum of $219.

The district court thereupon entered an order directing that Lou Scheidt be interpleaded as a party defendant, and thereafter the said Lou Scheidt served his pleading as such interpleader, wherein he set forth that he and his brother, the defendant, Henry Scheidt, were copartners owning and operating a threshing machine, and that in the fall of 1912 such copartnership threshed for the garnishees, and that there is due to said copartnership for said work, the sum of $219.

35 N. D.—28.

The defendant, Henry Scheidt, also served an answer in the garnishment proceedings wherein he denied each and every allegation, matter, and fact set forth in the affidavit of garnishment, and alleged that the garnishees were not in any way indebted to the defendant, and had no property in their possession or under their contract belonging to him, but that said indebtedness is jointly owned by the defendant and one Lou Scheidt, and hence not subject to garnishment. The answer further alleged that if the garnishees are indebted to the above-named defendant, or have any property in their possession or under their control belonging to him, said indebtedness or property is by the laws of the state of North Dakota exempt from seizure or sale upon execution or attachment or through garnishment by reason of the fact that this defendant is a resident of the state of North Dakota, a married man and the head of a family, and that the total amount of his property, both real and personal, exclusive of his homestead rights, does not exceed the value of the sum of $500.

The plaintiff, by way of reply to defendant's answer, denied that the indebtedness of the garnishees is the joint property of Henry Scheidt and Lou Scheidt, and alleged that Henry Scheidt is the sole owner thereof; and further denied that the indebtedness was exempt to the defendant under the laws of this state.

The matter came on for trial before the court without a jury, upon the issues as framed by these pleadings. The plaintiff introduced the record of the judgment upon which his execution was issued, and rested. This was the only evidence introduced by the plaintiff. The defendant made a motion for dismissal on account of plaintiff's failure of proof, which motion was granted, and the plaintiff has appealed from the judgment of dismissal.

Under the laws of this state, Comp. Laws 1913, § 7581 the proceedings against a garnishee are deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all provisions of law relating to proceedings in civil actions at issue are applicable thereto. The plaintiff had the burden of proof, and it was incumbent upon it to establish, by competent proof, facts which would entitle it to recover in the garnishment action.

"Plaintiff's right to recover against the garnishee is predicated entirely upon defendant's right to recover in his own name and for his

own use against the garnishee. Unless the defendant could so recover, neither can the plaintiff." Shortridge v. Sturdivant, 32 N. D. 154, 155 N. W. 20; Petrie v. Wyman, ante, 126, 159 N. W. 616.

Under the laws of this state, "the property of a partnership consists of all that is contributed to the common stock at the formation of the partnership and all that is subsequently acquired thereby." Comp. Laws 1913, § 6389.

And, "the interest of each member of a partnership extends to every portion of its property." Comp. Laws 1913, § 6390.

"Each member of a partnership may require its property to be applied to the discharge of its debts and has a lien upon the shares of the other partners for this purpose and for the payment of the general balance, if any, due to him." Comp. Laws 1913, § 6393.

And, "all profits made by a general partner in the course of any business usually carried on by the partnership belong to the firm." Comp. Laws 1913, § 6406.

A partnership firm is also permitted as such to claim one exemption under the exemption laws of this state. Comp. Laws 1913, § 7741.

The answers of the garnishees, of the interpleader, Lou Scheidt, and the defendant, Henry Scheidt, all aver that the indebtedness owing by the garnishees and sought to be garnished constituted the property of the partnership, Scheidt Brothers, and not the property of the defendant, Henry Scheidt.

"According to the weight of authority, partnership credits can in no case be taken by garnishment to pay the individual debt of a member of the firm; at least while the partnership is a continuing one, and there has been no adjustment between the partners." 20 Cyc. 1029. See also Rood, Attachm. §§ 156–161; Shinn, Attachm. & Garnishment, § 49.

In discussing the question of attachment or garnishment of partnership property, and the distinction existing between garnishment and attachment in such cases, Shinn (Shinn, Attachm. & Garnishment, §§ 518, 519) says: "There is much diversity of opinion regarding the attachment of partnership property by seizure, as has been already shown. There is also a lack of uniformity in the judicial decisions of different states regarding the garnishment of debts due to copartnerships or individual members thereof. . . .

"Regarding the garnishment of a debt due or property belonging to a copartnership, however, on a demand existing against but one member thereof, the same rules of law will not apply as when the property of a firm is subjected to direct attachment at suit of a creditor of an individual member thereof. The reason for this is that direct attachment may be made and the property not removed or appropriated until all the liens upon it growing out of the partnership relation are discharged, while by garnishment a judgment against the garnishee would, when acquiesced in, devest the copartner of his right and title in and to the property or fund, which cannot be done while the accounts of the copartnership remain unsettled or its debts unpaid, and because garnishment is a legal proceeding and the equitable rights between the garnishee and the defendant cannot be adjudicated therein. A court of law has no right to adjust partnership affairs or appropriate the fund of all for the payment of an individual debt. It is only after all the affairs of the firm have been settled that an individual share of a partner can be taken by process of garnishment and applied to the payment of his individual debt."

Drake (Drake, Attachm. 7th ed. § 567) says: "The attachment of a debt due to a copartnership, in an action against one of the partners, is justly distinguishable from the seizure, on attachment or execution, of tangible effects of the firm for the same purpose. Hence we find the supreme court of Alabama holding . . . that partnership property may be sold to pay the debt of one partner, but that a debt due to a firm cannot be taken by garnishment for that purpose. The reason assigned is that in the case of a sale the property is not removed, and cannot be appropriated until all liens upon it growing out of or relating to the partnership are discharged; while in the other case, the judgment against the garnishee, if acquiesced in, changes the right of property, and devests the copartner's title to the property attached, which cannot be done so long as the partnership accounts remain unsettled or its debts unpaid." See also Trickett v. Moore, 34 Kan. 755, 10 Pac. 147; Henderson v. Cashman, 85 Me. 437, 27 Atl. 344.

There is nothing in the statutes of this state to indicate any intent to change the well-settled rules of law above quoted. The statutory provisions. (which we have quoted) rather indicate a contrary intent. The pleadings in this case show that the debt due from the garnishees

herein is due, not to the defendant, Henry Scheidt, but, to the firm of Scheidt Brothers, which firm so far as disclosed is still existent and continuing.

The trial court properly directed a dismissal.

Judgment affirmed.