ERNEST JESSEN and A. T. Jessen, Copartners as Jessen Brothers, Plaintiff-Respondent, v. JOHN SCHILLER and Barbara Schiller, Defendant-Appellant, and BRESDEN-LARSON LUMBER COMPANY, a Corporation, Garnishee.

(179 N. W. 372.)

**Exemptions — rule of liberal construction applies to filing claim of exemption in garnishment.**

1. The rule of liberal construction applies as to the time when a claim for exemption must be filed in a garnishment action in justice's court.

**Exemptions — claim in garnishment may be made within time for answer.**
2. Under this rule of liberal construction, the time fixed for an appearance
or answer in the garnishee for the filing of a claim for exemptions (Comp.
Laws 1913, § 9068), in justice's court is the time when an appearance or
answer can be made from the hour specified in the garnishee summons so long
as such garnishee action is open or awaiting the call of the court for an appear-
ance or answer.

Opinion filed September 25, 1920.

In District Court, Hettinger County, *Lembke, J.*

Appeal by the defendant from a judgment rendered against the gar-
nishee in favor of the plaintiffs.

Reversed and dismissal of the garnishee ordered.

*Jacobsen & Murray,* for appellant.

A default cannot be taken before the expiration of time allowed
for appearance to which the action has been adjourned. 24 Cyc. 595.

The plaintiff did not take any issue on the garnishee's answer.
Therefore the allegations of the answer are deemed and taken to be
true. Comp. Laws 1913, § 7578.

*Harvey J. Miller,* for respondents.

If the defendant does not assert his claim within the time and in
the manner prescribed by law, his rights are waived. Purcell v. Gold-
stein (N. D.) 136 N. W. 243; Lindley v. Miller, 67 Ill. 244; Griffin
v. Maxwell, 23 Ill. App. 405; Alden v. Yeoman, 29 Ill. App. 53.

BRONSON, J. This is an appeal from a garnishment judgment in
favor of the plaintiffs upon findings made by the district court. The
proceedings necessary to be stated are as follows: A civil action to
recover $38.50, accompanied with garnishment proceedings, was insti-
tuted in justice's court. The return day fixed in both the summons and
garnishee summons was September 5, 1919, at 8 A. M. On the return
day, about 10:30 A. M., upon proceedings had, judgment was rendered
in the main action against the defendants for $49.65. As the record
of the justice discloses, the garnishment proceedings were held open
subject to the outcome of the main action. The justice's record then re-
cites as follows:

"Now, at 10:30 A. M. the garnishee by J. E. Eklund, Vice Presi-

dent, admits liability to the defendant John Schiller in the sum of $120. Now, at 10:30 A. M. the defendant John Schiller appears by his attorneys, Jacobsen & Murray, and files written answer and claim for exemption, including schedule of his personal property. To which the plaintiff objects as insufficient, not having been filed at or before the time set for appearance of the garnishee. The court, after the claim, finds that it was not in time and therefore denies the claim. Judgment is hereby entered against the garnishee, Bresden-Larson Lumber Company, a corporation, for the sum of $49.40 and costs."

Thereafter, the defendant John Schiller appealed from this garnishment judgment to the district court. Later, before the Honorable J. M. Hanley, District Judge, a motion for dismissal of the appeal, upon the grounds that the claim for exemption was not made in due form and in time, was denied and the cause set for trial by the court. Subsequently, the Honorable R. T. Lembke, District Judge, tried the action and made the findings of the court to the effect that the claim for exemption was not in due form and was filed too late. From the judgment rendered upon such findings the defendant John Schiller has appealed.

The objections of the respondent to the appeals taken by the appellant, the undertaking filed, the jurisdiction of this court as well as the jurisdiction of the trial judge, are without merit.

The real question in this case and the question presented for the consideration of this court is, Was the claim for exemptions filed within the time prescribed by statute?

We are of the opinion that it was. The right to exemptions is recognized and enjoined by the Constitution. Section 208. It has been established by legislative enactments. Towards this right and the legislative enactments in support thereof, this court has continuously applied a liberal rule of construction in the protection of the debtor.

Under the strict rule of interpretation claimed by the respondents, it was necessary for the defendant to file his claim for exemptions at the hour of 8 o'clock exactly, or before, although he had until the hour of 9 within which to make an appearance in the main action. Comp. Laws 1913, § 9029. And, under this rule, this would be so required, although no trial of such garnishee action could be had until the plaintiff recovered judgment in the main action. Comp. Laws 1913, §§

7581, 9063. Under the rule of liberal construction the time fixed for appearance or answer in the garnishee summons for the filing of a claim for exemptions (Comp. Laws 1913, § 9068), is the time when an appearance or answer can be made from the hour specified in the garnishee summons so long as such garnishee action is open or awaiting the call of the court for an appearance and an answer. The very fact that the statute (Comp. Laws 1913, § 9068), concerning such claims contemplates an appearance, a defense, and a hearing negatives the idea of eo instante proceedings. The judgment herein, both in the justice's court and in the district court, is based upon the failure to file the claim for exemptions within the time allowed. No opportunity accordingly was afforded the defendant to amend his claim, if in fact it was not in due form. The judgment of the trial court is reversed and the dismissal of the garnishee action ordered.