E. H. GRIFFIN, Respondent, v. ERNEST WIESE, Appellant.

(179 N. W. 373.)

**Animals — owner's liability for trespass held question for jury.**

In an action to recover damages for the destruction of certain hay it is *held* that the trial court properly refused to direct a verdict, or order judgment notwithstanding the verdict, in favor of the defendant.

Opinion filed September 27, 1920.

From a judgment and an order denying a motion for judgment notwithstanding the verdict of the District Court of Stutsman County, *Coffey,* J., defendant appeals.

Affirmed.

*C. S. Buck,* for appellant.

That the title to unsevered crops growing on land belonging to one who is the owner of said premises or the one having right of possession has never been seriously disputed. Hartshort v. Ingles, 23 L.R.A. 531; Raney v. Hallvorsen, 29 N. D. 12; Golden Valley Land Co. v. Johnson, 21 N. D. 101.

*E. E. Ellsworth,* for respondent.

"Any person occupying or cultivating lands shall be considered the owner thereof in any action under the provisions of the last sections." Comp. Laws 1913, § 8501.

"A trespasser who sows and gathers crops is, after they are gathered, the owner of them, even as against the owner of the land." Lindsay v. Ry. Co. (Minn.) 13 N. W. 191; Backenstoss v. Stahler, 33 Pa. 251, 75 Am. Dec. 592.

CHRISTIANSON, Ch. J. The plaintiff brought this action to recover damages alleged to have been sustained by reason of defendant's cattle destroying certain stacks of millet in the fall of 1918. The case was tried to a jury. A verdict was returned in plaintiff's favor for $475, and interest. Defendant has appealed from the judgment, and from the order denying his motion for judgment notwithstanding the verdict.

The plaintiff had been in possession of a portion of section 36, township 139, range 66, Stutsman county, for several years under a contract for deed from one Ida A. Fried, the owner thereof. In January, 1918, Ida A. Fried served notice of cancelation of said contract. After service of such notice, the plaintiff made application to the judge of the district court of Stutsman county, for an order restraining the cancelation of the contract by notice, and requiring that such cancelation be had by proceedings in the district court.

The judge of the district court made such order as provided by statute, and afterwards an action was brought and tried in the district court, which resulted in a judgment being entered on July 1, 1918, canceling the contract and requiring the plaintiff, Griffin, to vacate said premises.

In the meantime, to wit, during June, 1918, the plaintiff had sown the millet which is involved in this controversy.

The plaintiff did not vacate the premises as demanded, and the defendant thereupon applied for an order to compel plaintiff to obey the directions of the judgment. Such matter came on for hearing on July 29, 1918.

It appears that, in the meantime, Ida A. Fried had leased the premises to one Otto Brown, and arrangements were made whereby it was stipulated and agreed, in writing, that said Griffin might remain on said premises until September 1, 1918.

It was further agreed that said Griffin might cut and remove from said premises all the millet which he had sown and which was then growing thereon. The evidence is also to the effect that later said Otto Brown leased certain of the premises to the defendant, Ernest Wiese, with authority to pasture his stock thereon.

The plaintiff cut the millet and stacked some of it. The undisputed evidence shows that the defendant's stock entered upon the premises and trampled down and ate some of the millet. The extent of the damage and the value of the millet, so destroyed, was a matter upon which the testimony was in square conflict. According to the testimony of the plaintiff and his witnesses, the damage was at least as great as that which the jury found. The undisputed evidence shows that both Brown and the defendant, Wiese, knew that the millet be-

longed to the plaintiff, and that he was to be permitted to cut and remove the same.

The sole questions presented on this appeal are whether the court erred in denying defendant's motions for a directed verdict and for judgment notwithstanding the verdict. These motions were based upon the grounds:

(1) That there was an entire failure to prove that the plaintiff had any right to the use and occupancy of the grounds in question, on which the hay was raised at the time the trespasses are alleged to have been committed; namely, on or about October 15, 1918. And (2) that there is no such proof as would justify the jury in finding a verdict as to the amount of hay destroyed, if any was so destroyed, or the value thereof.

We are of the opinion that the trial court committed no error in denying these motions. It is admitted that the plaintiff was the owner of the millet, and had permission to go upon the premises and cut, stack, and remove the same. See also Lindsay v. Winona & St. P. R. Co. 29 Minn. 411, 43 Am. Rep. 228, 13 N. W. 191; Roney v. H. S. Halvorsen Co. 29 N. D. 13, 149 N. W. 688; 25 Cyc. 642. It is undisputed that the defendant was aware of this fact at the time he left the gates open and permitted his stock to go into the field where the millet was. There was a written statement signed by the lessee, Brown (which was procured by Ida B. Fried's attorney), stating that "E. H. Griffin may remain on section 36, Twp. 139, Rnge. 66, until September 1, 1918." There was testimony to the effect that while it was agreed that the plaintiff might cut and remove the millet, it was also agreed that it must be done within the time limited in the agreement signed by Brown." The plaintiff, however, claimed that while the agreement referred to gave him permission to remain upon and in occupancy of the buildings upon the premises only until September 1, 1918, nothing was said about the time that the millet should be taken off. He further testified that "it wasn't ready to take off."

In instructing the jury the trial court said:

"I instruct you, gentlemen of the jury, that as a matter of law, if you find that by the agreement of the parties the plaintiff had a right to the use of the premises for the purposes of raising and harvesting this millet, that the plaintiff had a reasonable time after the maturity

of the hay within which to remove the same from the premises, and a duty was incumbent upon the plaintiff to remove the same within a reasonable time after that allotted him, for the removal of the same. And if you find that the plaintiff did not exercise reasonable diligence, and did not remove the same within a reasonable time, after the expiration of his rights, or after the expiration of the date given him, and he then suffered damages by reason of the stock of the defendant running upon said premises, the plaintiff could not in such event recover damages for injury to his hay.

"These parties had rights and responsibilities resting upon each of them. Plaintiff had a right to occupy the premises for a given time. He had a duty to remove his property and to terminate his interests therein within a reasonable time, and it was the duty of the defendant to observe the rights of the plaintiff during such reasonable time as the plaintiff had. The question for the jury to determine under such circumstances is, What would be a reasonable time? That is a question of fact which the jury must determine in this case. If you find that the plaintiff had certain rights of occupancy, and rights to crops grown upon these premises for a space of time, or for a reasonable time, it would be a question for the jury to determine whether or not the plaintiff removed his property and terminated his occupancy of the premises within a reasonable time. And, if you find that the plaintiff did not remove his property within a reasonable time, and after the expiration of a reasonable time his property received injuries at the hands of the defendant's stock, the plaintiff could not in such event recover any damages. But if you find that the plaintiff had a reasonable time within which to remove this millet hay from the premises, and during that time the same was injured or destroyed by the defendant's stock, then the defendant is responsible, as I have already stated, in damages to the plaintiff for the injuries sustained, and it will be for the jury to determine in that event what the reasonable damages were. It will be for the jury to determine the amount of hay which you find was destroyed and the reasonable value of the same at the time it was destroyed; if you find that it was destroyed. In no event, of course, could the plaintiff recover damages for injuries resulting from loss by reason of injuries by the elements, or by any other injury excepting injury inflicted by the defendant's stock, if any."

It is apparent, therefore, that there was some evidence tending to show that plaintiff had, at least, an implied authority to leave the millet on the premises after September 1st. Whether he left it for a longer period than he was authorized to do was, under the circumstances, a question of fact, and the question was submitted to the jury under instructions the correctness of which have not been challenged.

The judgment and order appealed from must be affirmed. It is so ordered.

BRONSON, BIRDZELL, and GRACE, JJ., concur.

ROBINSON, J. I dissent.