L'. W. RADKE, Appellant, v. E. P. PADGETT, Respondent, The Chicago, Milwaukee and St. Paul Railway Company, a Corporation, Garnishee Defendant.

(192 N. W. 97.)

**Exemptions — exemptions of wage earner in garnishment suit ancillary to action to enforce collection for provisions has no application.**

1. The exemption which may be claimed by a wage earner in a garnishment suit ancillary to an action to enforce the collection of a bill for groceries and provisions is fixed by chapter 72, Laws 1921, and § 7782, Comp. Laws 1913 has no application.

**Garnishment — amount of weekly exemption should be paid to wage earner by employer under garnishment retaining balance to abide of suit.**

2. In such garnishment suit there is exempt from garnishment to the head of a family who is a resident of this state wages or salary in the sum of $15 per week, and every employer should "pay to such person such exempt wages or salary not exceeding the sum of $15 per week of each week's wages earned by him, when due, upon such wage earner making and delivering to such employer his affidavit that he is such head of a family and residing with the same in this state," notwithstanding the service of the papers in the garnishment action; the balance, if any, of the weekly wage owing by the employer to such wage earner should be held by the employer to abide the event of the garnishment suit. Laws 1921, chap. 72.

Opinion filed December 29, 1922.

Exemptions, 25 C. J. § 102, p. 63, n. 72; § 112, p. 70, n. 92.

Appeal from the District Court of Slope County, *Pugh*, J.

Plaintiff appeals from an order directing that the defendant in a

---

Note.—As to statutes containing limitation of amount of wages which may be held exempt, see 11 R. C. L. 524.

On amount of exemptions as dependent on debtor being head of family, see 11 R. C. L. 502, et seq.

garnishment suit be allowed to set up as a defense that certain **moneys** due him for wages are exempt under § 7782, Comp. Laws, 1913.

Reversed.

*Theodore Swensseid,* for appellant.

*Thomas T. Hiner,* for respondent.

CHRISTIANSON, J. This action was commenced before a justice of the peace to enforce collection of a bill for groceries and other provisions sold and delivered by him to the defendant. Ancillary to the main action, a garnishment action was instituted by the plaintiff against the Chicago, Milwaukee & St. Paul Railway Company as garnishee. The defendant interposed no answer in the main action but interposed an answer in the garnishment action claiming that the sum due him from the garnishee, to wit, $401.60 was exempt under the laws of this state. The justice of the peace sustained the contention of the defendant in the garnishment action and entered a judgment dismissing such action. He also ordered a dismissal of the main action on certain grounds which it is not necessary to consider here. The plaintiff appealed to the district court on questions of law and the district court ruled that the justice of the peace had erred in dismissing the main action and directed judgment to be entered in favor of the plaintiff for the amount demanded in the complaint. The district court further ruled that the justice of the peace had erred in dismissing the garnishment action. As regards the garnishment action, however, the district court further ruled that § 7782, Comp. Laws, 1913, was applicable and ordered that the garnishment action be placed upon the calendar for trial in the district court and defendant afforded an opportunity to introduce evidence under said § 7782, supra. The plaintiff appealed to this court from the decision of the district court as regards the garnishment action.

In our opinion the district court was in error in holding § 7782, supra, applicable in the garnishment action. The section reads as follows:

"The judge may order any property of the judgment debtor not exempt from execution in the hands either of himself or any other person or due the judgment debtor to be applied towards the satisfaction of the judgment; except that the earnings of the debtor for his personal services at any time within sixty days next preceding the order cannot

be so applied when it is made to appear by the debtor's affidavit or otherwise, that such earnings are necessary for the use of a family supported wholly or partly by his labor."

That section in its present form was embodied in the Revised Code of the territory of Dakota of 1877, § 371 Code Civ. Proc. 1877, and has not been changed since. The section as originally adopted was part of the chapter relating to "Proceedings supplementary to execution" and still remains a part of that chapter. At the time this section was adopted garnishment actions were unknown in this jurisdiction. The statute now in force relating to exemptions in an action like this, viz., an action to enforce collection of a bill for groceries and other provisions reads as follows: "No personal property except absolute exemptions shall be exempt from execution or attachment in an action for laborer or mechanic's wages or for a debt incurred for property obtained under false pretenses; and no personal property shall be exempt from such process in an action for the collection of a bill of a nurse for professional service, or in an action for the collection of a bill for board, medicine or attendants furnished patients at any hospital in this state, or in an action for the collection of a bill for groceries and other provisions, except the absolute exemptions and household and kitchen furniture, stoves and two cows, the value of which exclusive of absolute exemptions shall not exceed five hundred dollars ($500), which value in case of dispute shall be determined by appraisers to be selected in accordance with the provisions of § 7120; provided this act shall not apply to accounts and debts contracted prior to the date of its passage and approval." Comp. Laws, 1913, § 7739, as amended by chap. 128, Laws 1919. The phraseology of the statute is all-inclusive. It purports to enumerate all the exemptions allowable in the cases enumerated. It says:—"no personal property shall be exempt from such process (execution or attachment) in an action for the collection of a bill . . . for groceries or other provisions, except the absolute exemptions and household and kitchen furniture, stoves and two cows, the value of which exclusive of absolute exemptions shall not exceed five hundred dollars." The language *"No personal property . . . shall be exempt,"* found in the section was first embodied in § 5526, Rev. Codes 1895. In 1901, the legislature amended the section in certain particulars, but in no manner changed the language referred

to; and it specifically repealed "all acts or parts of acts in conflict" with the act so adopted. Laws 1901, chap. 77.

It will be noted that under the statute only absolute exemptions and certain specified kinds of personal property are allowed to be claimed as exempt from attachment or execution in an action for the collection of a bill for groceries and other provisions. It will also be noted that moneys due for wages or salary are not exempted under the act. In other words, according to the plain words of this statute, wages or salary due to a defendant are subject to attachment or execution in actions for collection of the various kinds of claims enumerated therein. And there is, we think, no question but that is the way the statute has been construed generally by the bar and trial courts throughout the state. And it is our opinion that the legislature both in 1901 when it found occasion to deal with the specific subject of the amount of exemptions to be allowed in certain designated cases intended to cover it completely, and intended that the exemptions then enumerated in chap. 77, Laws 1901, should be all exemptions allowed in the cases with which the legislature was then dealing. It is, also, our opinion that the same is true of chapter 128, Laws 1921. We are wholly satisfied that the law-makers intended what they purported to say, namely, that "no personal property," except that which they specifically enumerated should be exempt in the particular cases which the legislature then had under consideration.

In certain cases the rule prescribed by the statute resulted in hardship and injustice. Where a debtor did not possess the articles exempted by the statute, he was practically denied all exemptions, except the absolute ones. Especial hardship was imposed in cases where a creditor, holding a claim of the kind enumerated against a wage earner, resorted to garnishment. Such creditor was thereby enabled to subject the moneys due such wage earner from his employer to the payment of any judgment which he might eventually obtain. To prevent this result many states have enacted laws providing that a certain amount of the wages or salary of a debtor shall be exempt from garnishment. § 25 C. J. p. 70, § 112. And in 1921 the legislature of this state enacted a law of this kind. The statute referred to is chapter 72, Laws 1921, and reads as follows:

"Any creditor shall be entitled to proceed by garnishment in any

court having jurisdiction of the subject of the action against any person, including a public corporation, who shall be indebted to or have any property whatever, real or personal, in his possession or under his control, belonging to such creditor's debtor, in the cases, upon the conditions and in the manner prescribed in this chapter. The term plaintiff is used in this chapter to embrace every judgment creditor and the term defendant a judgment debtor. Provided that the wages or salary of any person who is the head of a family and a resident of this state to the amount of $15 per week, shall be exempt from garnishment. Every employer shall pay to such person such exempt wages or salary not to exceed the sum of $15 per week of each week's wages earned by him, when due, upon such wage earner making and delivering to such employer his affidavit that he is such head of a family and residing with the same in this state, notwithstanding the service of such writ, and the surplus only of such exempt salary or wages shall be held by the employer to abide the event of the garnishment suit. At least two days prior to the issuance of any garnishment summons the creditor shall cause demand to be served upon the debtor and the employer for the excess above the amount herein exempted. Such demand with proof of service shall be filed with the court at the time of the issuance of garnishment summons. Failure to serve or file said notice as herein provided shall render said garnishment void. The excess of wages over and above the amount herein exempted shall be held by the employer subject to such garnishment from the time of service of such demand and for five days thereafter."

It will be noted that this statute by its terms applies to all garnishment actions instituted in this state. That is, it applies to garnishment actions in justices' courts, in county courts having increased jurisdiction, and in district courts. This statute was enacted for a specific purpose, namely to prescribe the amount of wages or salary which should be exempt from garnishment to a head of a family and resident of this state in all actions.

It follows therefore that in this case the defendant is entitled to claim and receive in the garnishment action the moneys which chapter 72, Laws 1921, says he is entitled to claim and receive, and no more. And as against execution issued on the judgment in the main action

he is only entitled to claim the exemptions prescribed by chapter 128, Laws 1919.

The order of the district court setting the garnishment action for trial, and permitting defendant to defend under § 7782, Comp. Laws, 1913, is set aside, and the cause is remanded for further proceedings according to law and not inconsistent with the views expressed in this opinion.

BIRDZELL, Ch. J., and ROBINSON, J., concur.

BRONSON, J. (dissenting). In territorial days, a debtor, in addition to his absolute exemptions, was entitled to select from his personal property not absolutely exempt, money not exceeding $1,500. Terr. Code Civ. Proc. 1877, § 324. In addition, the power was granted to a judge to withhold, in the satisfaction of a judgment, out of the debtor's *nonexempt* property, the earnings of his personal services at any time within sixty days next preceding the order when it was made to appear that such earnings were necessary for the use of a family, supported wholly or partly by his labor. Terr. Code Civ. Proc. 1877, § 371. When this state was formed the provisions of the territorial law above mentioned were enacted as a part of the law of this state. Rev. Codes, 1895, §§ 5518, 5567. In the territorial code, no statutory provisions existed concerning garnishment. In this state, statutory provisions concerning garnishment first appeared in 1895. The statute then authorized any creditor to proceed by garnishment in any court having jurisdiction and, upon proper garnishment summons and affidavit, to impound in the possession of a garnishee, a debtor's property *not exempt* from execution. Rev. Codes, 1895, §§ 5382, 5383. Either the garnishee or the defendant might claim that the property so impounded was exempt from execution. §§ 5390–5395 Rev. Codes, 1895, now §§ 7575–7580 Comp. Laws, 1913. Such garnishment action might be maintained at the time of issuing summons, at any time thereafter before final judgment, in any action to recover damages founded upon contract, express or implied, or upon judgment or decree or at any time after issuing execution. § 5383, Rev. Codes, 1895, now § 7568, Comp. Laws, 1913. The liability of a garnishee to the creditor extended to all property of the defendant *except such as might be by law exempt* from

execution. § 5398, Rev. Codes, 1895, now § 7583 Comp. Laws, 1913. The proceedings were, and now are, deemed an action and the court was authorized to render judgment protecting the interests of the parties and adjudging the recovery of indebtedness. § 5396, Rev. Codes, 1895, now § 7581, Comp. Laws, 1913. All provisions of law relating to proceedings in civil actions at issue, including all provisions for enforcing judgments, are applicable thereto. § 7581 Comp. Laws, 1913. See F. B. Scott Co. v. Scheidt, 35 N. D. 433, 434, 160 N. W. 502; Park, Grant & Morris v. Nordale, 41 N. D. 351, 355, 170 N. W. 555; Ruso Farmers Supply Co. v. Jacobson, 47 N. D. 223, 181 N. W. 371.

In the territorial code no personal property was exempt from execution for laborers or mechanics wages except property absolutely exempt. Terr. Code Civ. Proc. 1887, § 332. In an early state statute it was enacted that no personal property except absolute exemptions shall be exempt from execution or attachment in an action for laborers or mechanics' wages; or for a debt incurred for property obtained under false pretenses; and no personal property shall be exempt from such process in an action for the collection of the bills of a legally practising physician for professional service or medicine except absolute exemptions and certain household and kitchen furniture, etc., not exceeding $500. Rev. Codes, 1895, § 5526. This latter act was amended in 1901 by including within its provisions bills for a nurse or in an action for the collection of a bill for board, medicine, or attendance furnished patients at any hospital in this state. Laws 1901, chap. 77. In the same year the amount of additional exemptions was reduced from $1,500 to $1,000. Laws 1901, chap. 76. In 1911 these additional exemptions were further reduced to the amount of $500. Laws 1911, chap. 132. In 1915 the Law of 1901 was further amended by including therein collection of bills for wearing apparel, clothing, groceries, and other provisions. Laws 1915, chap. 155. In 1919 the additional exemptions were increased to $1,000. Laws 1919, chap. 128. In 1919, chapter 155, Laws 1915, was amended by striking out the provision therein in favor of doctors. Laws 1919, chap. 128. This statute is quoted in full in the majority opinion. In 1921, the garnishment statute, which had existed substantially in the same form from statehood, was amended by providing that the wages or salary of any person who is the head of a family and resident of this state, to the amount of $15 per week shall

be exempt from garnishment. Laws 1921, chap. 72. This statute is quoted in full in the majority opinion. The majority opinion asserts that, with respect to attachment or execution, only absolute exemptions and certain specified kinds of personal property are exempt in an action for collection of a bill for groceries; but, with respect to garnishment, certain specific exemptions are afforded the doctor by statute. Accordingly, the majority opinion concludes that the lawmakers intended no personal property to be exempt except that which is specifically enumerated, and definitely mentioned, in a proceeding under attachment or execution, and, otherwise specifically defined, in proceedings by garnishment.

With due deference to the opinion of my associates, the error of the majority opinion consists, in my opinion, by not recognizing the statutory distinction between exempt property and property not exempt; and particularly so in the consideration of § 7782, Comp. Laws, 1913.

Since statehood and pursuant to the constitutional provisions § 208, Const. this court has always applied the rule of liberal construction in considering the statutes for exemptions. See Jessen v. Schiller, 46 N. D. 41, 179 N. W. 373.

Reviewing the exemption statutes from statehood, it may be noted that a debtor's property, whether subjected to execution, attachment, or garnishment, is, for purposes of exemptions, divided into two classes: One class, *exempt property,* not subject to seizure either by attachment, execution, or garnishment, where the debtor avails himself of his statutory rights; the other class *nonexempt property,* not subjected either to attachment, execution, or garnishment. In other words, the statutory provisions, whether they refer to attachment, execution, or garnishment, specifically declare what property is *exempt* and what property is *not exempt.*

The statute involved, § 7782, Comp. Laws, 1913, is a statute that concerns property *not exempt.* It is not a statute of exemption in any strict sense of the word. It is a statute that permits the court to set aside, out of property *not exempt,* a certain amount to the debtor necessary for the use of a family, wholly or partly supported by his labor. It is, accordingly, a statute that operates outside of the statutes that create and define exempt property. It may or may not operate, dependent entirely upon judicial order.

When property is seized, whether upon execution, through attachment, or by garnishment, the statute, in any case, fixes the specific property which is and may be claimed by the debtor as exempt. It thus fixes the status of such property which may be termed *exempt property*. The debtor may avail himself of the statutory provisions, applicable as the case may be, and thus secure to himself his *exempt property*. All proceedings for the seizure of a debtor's property must finally rest upon a valid judgment. After a debtor's property has been seized by attachment, the subjection of the debtor's property for the benefit of a creditor must occur through a valid judgment and proceedings subsequent thereto. When a debtor's property is likewise seized through garnishment proceedings, again, the subjection of the property garnished for the benefit of a creditor must rest upon proceedings pursuant, and subsequent to, the rendition of a valid judgment. As heretofore stated, all provisions of the law for enforcing judgments are applicable to garnishment proceedings. The court must render the judgment of garnishment and enforce it. Comp. Laws, 1913, § 7581.

Accordingly, in the enforcement and collection of a judgment, whether property is seized upon attachment, or garnishment, or through execution, the statutory provision (§ 7782, Comp. Laws, 1913), by its general terms, applies. It applies for the reason that it grants to the court a power to set aside, not *exempt property,* but certain property out of *nonexempt property* of a debtor, necessary for the use of a family supported wholly or partly by his labors.

I am not disposed to reverse the order of the trial court, by reason of his procedure in placing the garnishment action upon the calendar for purposes of considering proof that defendant might offer under this statute; instead of, first determining the amount of the nonexempt property and the judgment to be rendered thereon and, thereafter, concerning any proceeding to enforce such judgment, holding himself ready to hear any application of defendant, pursuant to § 7782, Comp. Laws, 1913.

GRACE, J..(concurring in the dissenting opinion of Mr. Justice Bronson). I concur in the conclusion and result arrived at in the dissenting opinion of Mr. Justice Bronson. I do not concur in all of the reasoning of his opinion.