IMPERIAL ELEVATOR COMPANY, a Corporation, Appellant, v. R. A. WARREN and Lars T. Birdahl, Defendants. LARS T. BIRDAHL, Respondent, and NORTH DAKOTA WHEAT GROWERS ASSOCIATION, a Corporation, Garnishee.

(217 N. W. 523.)

**Exemptions — defendant's affidavit claiming exemptions, sufficient answer.**

1. Where in a garnishment proceeding a defendant serves upon the plaintiff an affidavit claiming the property garnished is exempt from execution, and said affidavit sets forth all the facts necessary to show the exemption and refers to a verified schedule attached to the affidavit listing all of his personal property and the value thereof, such affidavit and schedule is in effect an answer and is a substantial compliance with § 7580, Comp. Laws 1913, which provides that the defendant may by answers duly verified defend the proceedings against the garnishee.

**Exemptions — statutory provisions — when defendant's claim may be heard.**

2. Under § 7575A3, Supplement to Comp. Laws 1913, when a defendant claims the debt or property garnished to be exempt such claim of exemption may be heard and determined by the court at any time after the claim is made on three days' notice to the opposite party.

**Exemptions — weekly wages of $15 — further exemptions may be claimed — three days' notice.**

3. The provision in § 7567, Supplement to Comp. Laws 1913, providing that the wages or salary of the head of a family residing in the state to the amount of $15 per week shall be exempt from garnishment, is intended to give immediate relief from any hardship which might result from the tying up of wages due the head of the family pending a garnishment proceeding, and is not intended to deprive a defendant of claiming in court wages or salary over and above the $15 per week as exempt, and after such claim is made it may be determined by the court at any time upon three days' notice to the opposite party.

**Garnishment — when garnishment proceedings should not be vacated.**

4. A garnishment proceeding should not be vacated when the garnishee has not filed affidavit of disclosure, or non-liability and the time for filing such affidavit has not expired.

Opinion filed January 16, 1928.

Exemptions, 25 C. J. § 153 p. 92 n. 55; § 224 p. 128 n. 45; § 241 p. 136 n. 92; § 277 p. 147 n. 69.  Garnishment, 28 C. J. § 576 p. 362 n. 72.

Appeal from the District Court of Pierce County, *Grimson,* J.
Remanded for further proceedings.
*Libby & Harris,* for appellant.
*L. N. Torson,* for respondent Lars T. Birdahl.

BURKE, J.   This is an action to recover upon an account for lumber
and building material supported by a garnishment proceeding against
the North Dakota Wheat Growers, a corporation.   The necessary
process and pleadings were served upon the defendant on the sixth
day of August, 1927.   On the eighth day of August, 1927, the defend-
ant, Lars Birdahl, made and served upon the plaintiff a schedule of
all of his property, including money due from the North Dakota Wheat
Growers, the garnishee, amounting to $60, and all of the property was
valued by the defendant in the schedule at $525.   The schedule was
duly verified, and accompanying it, was the affidavit of the defendant
alleging that he is the head of a family and has residing with him, his
wife, and three minor children, that he is, and has been a resident
and citizen of Pierce county, North Dakota, for twenty years, and
that annexed to the affidavit is a complete and correct list of all per-
sonal property of every kind and nature including money on hand,
credits due, and owing to him, and he demands that all the said prop-
erty be set over to him as exempt under chapter 161 Session Laws of
1913, and acts amendatory thereto.

Notice of motion to set aside exemption to the defendant, Lars Bird-
ahl, was served upon plaintiff's attorney on the 16th day of August,
1927, and on the day set for the hearing on said motion, viz., the 20th
day of August, 1927, the defendant appeared with his attorney.   The
plaintiff's attorneys appeared specially and objected to the jurisdiction
of the court, on the ground that no answer had been served, and upon
the further ground that § 7567, Supplement to Comp. Laws 1913,
limits the exemptions on wages to $15 a week.   The trial court granted
the motion of the defendant in an order as follows:

"The court finds that the defendant Lars T. Birdahl is entitled to
have set aside to him as his exempt property the personal property
listed by him in his claim for exemption.

"It is therefore ordered, That all the personal property listed by
Lars T. Birdahl as his exempt personal property including all moneys

due him from the North Dakota Wheat Growers Association, a corporation, be delivered and paid to said Lars T. Birdahl, and that the garnishment proceeding against the above named garnishee be vacated, and that they pay the money owning by them to said Lars T. Birdahl be paid to him.

"Dated at Langdon, N. D., Aug. 29, 1927.

"By the Court,

"G. Grimson,

"Judge."

From this order the plaintiff appeals.

It is the contention of appellant that the motions to set aside the exemptions were prematurely made; that in a garnishment proceeding the only way to make a claim for exemption is by answer, and second, that the statute providing for an exemption of $15 a week for wages is a statute of limitation, and that all the wages over and above the $15 a week are not exempt, but are subject to the payment of the debtor's debts; and these questions will be considered in the order named.

Section 7580, Comp. Laws 1913, provides that the defendant may in all cases by answer duly verified, to be served within thirty days from the service of the garnishee summons on him, defend the proceedings against any garnishee upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant. This section provides for a defense against a garnishment proceeding. It puts the defendant in the position of the garnishee and enables him to make any defense that the garnishee could make, including the defense, that the property garnished is exempt from execution. It is clear then that anything that is exempt from execution may be claimed as exempt in a garnishment proceeding by the defendant. It is clear, that while a defendant may not have a defense to an action he may have a defense to a garnishment proceeding in the same action. If a garnishee files an affidavit denying liability as provided in § 7574, Comp. Laws 1913, the proceedings against the garnishee are discontinued, unless within thirty days after the filing of such affidavit the plaintiff serves notice on such garnishee that he elects to take issue on his answer to the garnishee summons in which case the issue stands for trial as a civil action in

which the affidavit on the part of the plaintiff shall be deemed the complaint and the garnishee's affidavit the answer thereto.

When the defendant defends the garnishment proceeding the issue is the same, it arises on the allegation in the garnishment affidavit, that the North Dakota Wheat Growers Association is indebted to or has property in its possession belonging to the defendant but such indebtedness or property is not to the best knowledge of affiant by law, exempt from sale on execution. This allegation in the affidavit is controverted by the affidavit of the defendant to which is attached a verified schedue, and in which it is alleged, that all of said property is exempt. These pleadings make the issue on the garnishment proceedings when the defendant defends just as clearly as if the defense was on the part of the garnishee. The affidavit and schedule is not denominated an answer, but contains all the allegations necessary for a claim of exemptions in an answer. The schedule is entitled in the same court, same parties, plaintiff, defendant and garnishee, it specifically describes all of the property, fixes the value and is sworn to positively. Accompanying it is the affidavit entitled in the same court, same plaintiff, defendants and garnishee, and sets up all the facts necessary for a claim for exemption. It is sworn to positively and is a complete answer.

Under chapter 124, Session Laws 1917, it is provided, that in all cases where the defendant claims the debt or property garnished to be exempt, such claim of exemptions may be heard and determined by the court at any time after the claim is made on three days' notice to the opposite party.

Under § 7580, Comp. Laws 1913, the defendant may defend the garnishment proceedings, and under § 7571A3 Supplement, if he claims the debt or property garnished to be exempt, such claim may be heard at any time after it is made on three days' notice. It is clear that the defendant was within his rights in defending the action under § 7580, Comp. Laws 1913, and in proceeding under § 7571A3, for a determination by the court of his right to his exempt property, and it follows that the court had jurisdiction to hear and determine the defendant's right to his exempt property. The only property involved in the garnishment proceedings is money due from the North Dakota Wheat Growers Association, which the defendant alleges is the sum

of $60. It is the contention of the appellant that all the defendant can claim as exempt wages is the sum of $15 per week, and it is true, that in a garnishment proceeding, after the service of process, the only payments that defendant can demand of the garnishee is $15 per week. This provision is intended to give immediate relief from any hardship which might result from the tying up of wages due the head of the family pending a garnishment proceeding, but it is not intended to deprive a defendant of any exemptions which he may claim in his defense to the garnishment proceedings in court. This law was intended not as a sword but as a shield, and whenever a defendant who is the head of a family serves upon the garnishee an affidavit, that he is the head of the family and a resident of the state, the sum of $15 per week of his salary is free from the garnishment proceeding and all of the salary or wages over and above the sum of $15 a week shall be held by the employer to abide the event of garnishment suit, in the main action under § 7580, Comp. Laws 1913, or under the summary proceeding provided by § 7571A3, Supp. Comp. Laws 1913. It may or may not be exempt. It might not be exempt in a case where only absolute exemptions are allowed as in the case of Radke v. Padgett, 49 N. D. 405, 192 N. W. 97, where the action was for groceries and only absolute exemption allowed, but in this action the defendant is entitled to claim not only absolute exemptions but the additional exemptions provided by law not exceeding $1,000 in value. The property claimed being of less value than $1,000 it was clearly exempt.

The appellant had notice of the hearing and did appear, but did not take issue in any way with the defendant on the amount of property claimed as exempt, or its value as specified in the schedule, and there was no error in determining that property was exempt to the defendant. We are of the opinion, however, that the court should not have vacated the garnishment proceedings against the garnishee. The garnishee at that time had not filed an affidavit denying or admitting liability, the time had not expired for the filing of the affidavit by the garnishee, and when he does file his affidavit he may disclose property not exempt.

If the garnishee files an affidavit as provided in § 7574, Comp. Laws 1913, denying that he is indebted or under any liability to the defendant and the plaintiff does not take issue with the garnishee as

provided in said section, then the proceedings against the garnishee are discontinued, but if he does take issue with him as provided in said section, the proceedings are under § 7581, Comp. Laws 1913, deemed an action, and is tried as a civil action. If the garnishee makes an affidavit admitting liability he may also under subdivision 4 of § 7575, Comp. Laws 1913, show any claim of exemption from execution on the part of the defendant or other objection known to him against the right of the plaintiff to apply on his demands the indebtedness or the property disclosed. The basis of the plaintiff's right to garnishment is an affidavit that the property is not exempt from execution. If it is exempt it is not subject to garnishment.

It is clearly the intention of the statute to protect the exemptions of a debtor all along the line. A garnishment proceeding like attachment (in fact it is an attachment by garnishment), is a harsh proceeding unknown to the common law, and while the law provides that creditors may proceed by garnishment it has carefully safeguarded the exemptions which the law provides for the protection of the family. The garnishment proceeding against the garnishee, however, was prematurely vacated and set aside and the case is remanded for further proceedings not inconsistent with the views herein expressed.

NUESSLE, Ch. J., and BURR, CHRISTIANSON, and BIRDZELL, JJ., concur.