FARMERS' STATE BANK OF TURTON, Appellant, v. VAN HOUTEN, Defendant (BAHDE et al Respondents).

(219 N. W. 206.)

(File No. 5736.   Opinion filed April 21, 1928.)

W. F. *Bruell* and R. M. *Henderson,* both of Redfield, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

BROWN, J. Defendant, Van Houten, was indebted to James River Bank on a note for $2,400, due March 1, 1922, with interest at 10 per cent, which was secured by a chattel mortgage. In September, 1922, by a written agreement, defendant authorized and directed the mortgagee to sell the property at public auction without formal foreclosure, in order to avoid the expense and loss incident to foreclosure, and apply the proceeds on the mortgage debt, accounting to Van Houten for the surplus, if any. This same egreement was considered in James River Bank v. Hansen, 51 S. D. 13, 211 N. W. 976. Pursuant to this agreement, a sale was advertised and had on October 6th. Near the close of the sale, Farmers' State Bank of Turton, plaintiff in this action against Van Houten on a note for $911.18, served on the garnishee defendants a summons and affidavit in garnishment.

Garnishee defendant Bahde was president, and Colman, cashier, of James River Bank, and they were clerking the sale and receiving the money on behalf of that bank.

Defendant answered by general denial, and also alleged that he was a resident of Spink county, the head of a family, and that $226.50 of the proceeds of the sale was exempt to him, and that the present value of all personal property owned by him, including this $226.50, did not exceed $750.

The garnishee defendants answered, setting up the claim of James River Bank, the agreement for the sale of the property, and application of the proceeds of the defendant's debt to that bank, alleging that part of the property sold at the sale and for which they collected the purchase price was not owned by Van Houten, and also set up the claim of Van Houten to the sum of $226.50 of the proceeds of the sale as part of his exemptions. Plaintiff took issue on the garnishees' disclosures.

Defendant withdrew his general denial, and judgment was entered for plaintiff against the defendant for $1,039.79, and thereafter on August 13, 1923, trial was had to the court without a jury on the issues between plaintiff and the garnishees.

The court found that the total proceeds of the sale was $4,037.45, of which $336.50 was for property not covered by the mortgage, leaving $3,700.95 as proceeds of the sale of the mortgaged property, that auctioneer and clerk's commissions were $125.66, cash discount to purchasers $14.85, and personal taxes of defendant $14.10, total $154.61, leaving a net balance of proceeds of the sale of mortgaged property in the sum of $3,546.34, and that the total amount due from defendant to James River Bank on the note secured by the mortgage on the day of the sale was $3,792.50. At that time Van Houten had also the sum of $69 on deposit in James River Bank in checking account.

The court also found that $226.50 of the proceeds of property not covered by the mortgage was exempt to defendant, leaving a balance of the proceeds of unmortgaged property in excess of the exemption in the sum of $112.50.

Judgment was entered in favor of plaintiff against the garnishee James River Bank for $112.50, and dismissing the garnishee proceedings as to the other defendants, and, from this judgment and an order denying a new trial, the plaintiff appeals.

The finding of the court that, after deducting exemptions of $226.50 from $336.50 total proceeds of unmortgaged property, left a balance of $112.50 is evidently erroneous, such balance should have been $110, but, as plaintiff has got judgment for $2.50 more than it was entitled to on this finding, it cannot have a reversal on that ground.

Plaintiff's contention that the sale pursuant to the agreement between defendant and James River Bank waived the mort-

gaged lien of that bank, and that plaintiff's garnishment is prior to any right of the James River Bank in the proceeds of the sale of the mortgaged property, cannot be sustained. Minneapolis Threshing Mach. Co. v. Calhoun, 37 S. D. 542, 159 N. W. 127; Nelson v. Badker, 39 S. D. 108, 163 N. W. 569; James River Bank v. Hansen, 51 S. D. 13, 211 N. W. 976.

■ The right of the James River Bank to set off the $69 on deposit against the amount due it from defendant on his past-due note is superior to the garnishment. 12 R. C. L. 830; 7. C. J. 653; 28 C. J. 259, 279.

■ The claim for exemption is pleaded both in the answer of defendant and of the garnishees. The record in this court does not disclose that any evidence was given on the subject. But Code, § 2464, makes the answer of the garnishee in all cases conclusive of the facts therein stated, unless plaintiff takes issue thereon, and, if he does, the issue stands for trial as a civil action, and his garnishment affidavit is deemed a complaint, and the garnishee's affidavit the answer.

■■ Code, § 2454, requires the garnishment affidavit to state, and in this case it does state, that the indebtedness or property sought to be reached by the garnishment is to the best of the knowledge and belief of the person making the affidavit, not by law exempt from seizure and sale upon execution. This is a material allegation. The burden is on a plaintiff to prove every material allegation of his complaint. Scott Co. v. Scheidt, 35 N. D. 433, 160 N. W. 502. Therefore in the absence of any proof, the court rightly found in favor of the claim for exemption.

■ It is contended that the court erred in allowing the deduction for auctioneer and clerk's commissions, cash discount, and personal taxes, aggregating $154.61, and appellant claims that it should have been allowed this amount as subject to its garnishment process. The personal tax was a lien on all the property sold prior to any lien of the garnishment. The terms of sale provided for the discount to purchasers for cash payment. While the deduction for auctioneer and clerk was not expressly mentioned in the written agreement for the sale of the mortgaged property it was Van Houten's property that was being sold, and it was his duty to pay the necessary expenses of the sale, and he had a right to pay these out of the proceeds of the property sold.

Besides, he testified that prior to the sale he directed that the taxes and expenses of sale be paid out of the proceeds of the sale. The court therefore properly allowed the deduction of those items, from the proceeds of the mortgaged property sold.·

The brief of appellant shows little regard for accuracy where accuracy is of great importance. The abstract shows two heifers sold for $34. In the assignment of errors and argument it is claimed that these two heifers sold for $60. The abstract shows two mares and two mules sold for $60; assignment and argument asserts the two mules alone sold for $60. The chattel mortgage as shown at folio 67 of the abstract includes *two* heifers, assignment asserts that mortgage includes but *one,* and, since the sales account shows two sold, it is claimed that garnishment takes the price of one of them. Some thirty-eight items of tools and furniture appear to be totaled at either $183, or $226 in the abstract, it is not clear which. By any rule of arithmetic known to us or sanctioned by the adding machine, the total of these items is $171.75. No explanation of the discrepancy is attempted in the brief.

The assignments of error and argument claim that one team of yearling mules sold for $112.50, one buggy sold for $27, and one hayrack for $14 should have been allowed by the court as subject to the garnishment, not being included in the mortgage. These were considered by the court as not being in the mortgage. These *were* included in the amount subject to the garnishment from which defendant's exemption was deducted. This court has had to spend much more time in getting the exact facts than would have been necessary had the brief of appellant been carefully prepared and proof-read.

However, there appears to have been among property sold belonging to the defendant not described in the mortgage, one span of mules which sold for $60, two mule colts for $100, one mule for $45, the proceeds of which were accounted for to the mortgagee, and which appellant contends should be subject to garnishment. Respondents contend in their argument that these mules. were all mule colts, and were all increase of mares described in the chattel mortgage, which mortgage covered all increase of live stock described therein, but neither appellant's abstract, which purports to contain all material evidence given on the trial nor respondent's additional abstract or statement, contain any evidence

tending to show that these mules were increase of the live stock described in the mortgage, and assertion in argument cannot take the place of deficiency in the abstract. Karlen v. Trebble, 45 S. D. 570, 189 N. W. 519.

Appellant contends that there were other items not invluded in the mortgage which were subject to the garnishment, but, since a new trial must be had on account of the error in granting to the respondents the amount for which the mules above referred to were sold, it is unnecessary to deal with such items at this time, as the evidence on another trial may clearly point out what is and what is not covered by the mortgage.

.The judgment and order appealed from are reversed.

BURCH, POLLEY, and SHERWOOD, JJ., concur.

CAMPBELL, P. J., concurs in result.